

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NOS. PD-0969-09 & PD-0811-09

**JULIAN MARS MCKITHAN & RALPH FRANKLIN WELSH, Appellants**

**v.**

**THE STATE OF TEXAS**

### ON APPELLANTS' PETITIONS FOR DISCRETIONARY REVIEW
### FROM THE FIRST & SECOND COURTS OF APPEALS
### HARRIS & TARRANT COUNTIES

HERVEY, J., delivered the opinion of the Court in which KELLER, P.J., MEYERS, WOMACK, KEASLER, HOLCOMB and COCHRAN, JJ., joined. COCHRAN, J., filed a concurring opinion in which HOLCOMB, J., joined. PRICE and JOHNSON, JJ., concurred.

### O P I N I O N

In these consolidated cases, we address whether, under the cognate-pleadings approach of the step-one lesser-included-offense analysis set out in our decision in *Hall v. State*, 225 S.W.3d 525 (Tex.Cr.App. 2007), offensive-contact assault[1] is a lesser-included offense of the charged offense

---

[1] *See* § 22.01(a)(3), TEX. PENAL CODE (person commits an assault if person "causes physical contact with another when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative").

of bodily-injury assault[2] in an indictment alleging bodily injury by "kicking" the complainant (*Welsh*, PD-0811-09) and of the charged offense of aggravated sexual assault in an indictment alleging that the complainant was compelled to submit and participate by the use of "physical force and violence" (*McKithan*, PD-0969-09). We also address McKithan's claim that bodily-injury assault is a lesser-included offense of the charged aggravated-sexual-assault offense. We decide that offensive-contact assault is a not lesser-included offense of the charged offenses in *Welsh* and in *McKithan* and that bodily-injury assault also is not a lesser-included offense of the charged offense in *McKithan*.

An indictment charged Welsh with committing bodily-injury assault by "kicking" the complainant (Welsh's wife) with his foot.[3] The trial court denied Welsh's request for a jury instruction on the nonenhanceable Class C misdemeanor offense of offensive-contact assault.[4] A jury convicted Welsh of the charged third-degree felony of bodily-injury assault and sentenced him, as an habitual offender, to eighteen years in prison.[5]

Welsh claimed on direct appeal that he was entitled to a jury instruction on offensive-contact assault as a lesser-included offense of the charged offense of bodily-injury assault. The court of

---

[2]

    *See* § 22.01(a)(1), TEX. PENAL CODE (person commits an assault if person causes bodily injury to another person); § 1.07(a)(8), TEX. PENAL CODE ("bodily injury" means "physical pain, illness, or any impairment of physical condition").

[3]

    Welsh's indictment also alleged that the complainant was a family or household member and that Welsh had previously been convicted of bodily-injury assault against a family or household member, which enhanced Welsh's punishment range from a Class A misdemeanor to a third-degree felony. *See* § 22.01(b)(2)(A), TEX. PENAL CODE.

[4]

    *See* § 22.01(c), TEX. PENAL CODE.

[5]

    *See* § 12.42(a)(3), TEX. PENAL CODE.

appeals decided that offensive-contact assault is not a lesser-included offense of the charged bodily-injury-assault offense because, to establish that Welsh caused bodily injury to the complainant "by kicking her with his foot, the State was not required to prove that Welsh knew or reasonably should have believed that [the complainant] would regard the contact as offensive or provocative." *See Welsh v. State*, No. 02-08-169-CR, slip op. at 4-5 (Tex.App.–Fort Worth, delivered May 21, 2009) (not designated for publication).

McKithan was charged with aggravated sexual assault in an indictment that in six paragraphs alleged alternative manners and means of committing this offense. The first paragraph of the indictment alleged that McKithan sexually assaulted the complainant by placing his finger inside the complainant's sexual organ and that McKithan compelled the complainant to submit and participate by the use of "physical force and violence, and by acts and words the Defendant placed the Complainant in fear that SERIOUS BODILY INJURY would be imminently inflicted on [the complainant]."[6] (Capitalization in original). The first paragraph of McKithan's indictment specifically alleged:

> The duly organized Grand Jury of Harris County, Texas, presents in the District Court of Harris County, Texas, that in Harris County, Texas, **JULIAN MARS MCKITHAN**, hereafter styled the Defendant, heretofore on or about **DECEMBER 17, 2006,** did then and there unlawfully, intentionally and knowingly cause the penetration of the FEMALE SEXUAL ORGAN of [the complainant], hereinafter called the Complainant, by placing A FINGER in the FEMALE SEXUAL ORGAN of the Complainant, without the consent of the Complainant, namely, the Defendant compelled the Complainant to submit and participate by the use of physical force and

---

[6] *See* §§§§ 22.021(a)(1)(A), 22.021(a)(2)(A)(ii), 22.021(c), 22.011(b)(1) TEX. PENAL CODE (person commits aggravated sexual assault if person causes the penetration of the sexual organ of another person by any means without that other person's consent by compelling that other person to submit or participate by the use of physical force or violence and the person by acts or words places the other person in fear of imminent serious bodily injury).

violence, and by acts and words the Defendant placed the Complainant in fear that **SERIOUS BODILY INJURY** would be imminently inflicted on [the complainant].

(Emphasis in bold and capitalization in original).[7]

McKithan testified at trial and denied having sexual contact with the complainant, but admitted assaulting her by, among other things, "slapping and punching" her. The trial court denied his request for jury instructions on bodily-injury assault and on offensive-contact assault.[8] A jury convicted McKithan of the charged aggravated-sexual-assault offense and sentenced him, as an habitual offender, to life in prison.[9]

We understand McKithan to have claimed on direct appeal that he was entitled to jury instructions on bodily-injury assault and on offensive-contact assault as lesser-included offenses of the charged aggravated-sexual-assault offense under the "physical force and violence" allegation in

---

[7]
The five additional paragraphs in the indictment alleged aggravated sexual assault by other manner and means. For example, paragraph two of the indictment was identical to paragraph one except that it alleged that "by acts and words the Defendant placed the Complainant in fear that KIDNAPPING would be imminently inflicted on [the complainant.]." (Capitalization in original). *See* §§§§ 22.021(a)(1)(A), 22.021(a)(2)(A)(ii), 22.021(c), 22.011(b)(1) Tex. Penal Code. We further note that McKithan argued in his discretionary-review petition that the "other [four] paragraphs were variations of the[] themes" in the first two paragraphs.

[8]
The record reflects that McKithan requested jury instructions on the lesser-included offenses "of assault, bodily injury, and assault defensive touching." The State argues on discretionary review that McKithan failed to preserve the claim that he was entitled to a jury instruction on offensive-contact assault because McKithan requested an instruction on "defensive touching" and "there is no such offense in the Penal Code." We note that the State did not make this preservation-of-error claim in the court of appeals and that the court of appeals addressed the merits of McKithan's claim that he was entitled to a jury instruction on offensive-contact assault. *See McKithan*, slip op. at 3 n.3 (stating that it understood "appellant's objection to be 'assault, *offensive* touching'") (emphasis in original). We reject the State's preservation-of-error claim.

[9]
*See* §§ 12.42(d), 22.01(e), Tex. Penal Code.

the first paragraph of the indictment.[10] The court of appeals rejected this claim because neither

"bodily injury" nor "offensive touching" are "within the elements of aggravated sexual assault as

charged in the indictment, which relied on assault by threat or kidnapping as aggravating factors."

*See McKithan v. State*, No. 01-08-00222-CR, slip op. at 9 (Tex.App.–Houston [1ˢᵗ Dist.], delivered

June 4, 2009) (not designated for publication) ("However, we must address appellant's contention

that assault bodily injury and assault offensive touching were lesser-included offenses of aggravated

sexual assault as charged in the indictment. Assault bodily injury requires proof that the defendant

caused bodily injury to the complainant; assault offensive touching requires proof that the defendant

knew or should have reasonably believed that the complainant would regard the contact as offensive

or provocative. Neither of these elements are within the elements of aggravated sexual assault as

charged in the indictment, which relied on assault by threat or kidnapping as aggravating factors.").[11]

---

[10]

We express no opinion on whether these are lesser-included offenses under the other paragraphs of the indictment. *See Hall*, 225 S.W.3d at 531 ("This court has said on a number of occasions that when the greater offense may be committed in more than one manner, the manner alleged will determine the availability of lesser-included offenses."); *cf. Feldman v. State*, 71 S.W.3d 738, 750-54 (Tex.Cr.App. 2002) (in capital-murder prosecution alleging two alternative means of committing the offense, defendant not entitled to lesser-included-offense instruction on murder, under the second step of lesser-included-offense analysis, without evidence negating both alternative means of committing the offense).

[11]

McKithan argues in his brief on discretionary review that the court of appeals erred by focusing exclusively on the "aggravating factors" alleged in the indictment and ignoring the allegation of "physical force and violence," which, according to McKithan, "without regard to any aggravating factors–provide[s] the basis for deducing the elements of the lesser offenses." McKithan argues:

The first error, as is apparent from the language of the [court of appeals's] holding above, is that the court of appeals focused exclusively on the "aggravating factors" alleged in the indictment. This is hard to understand, because Appellant's brief specifically called the court's attention to the first paragraph of the indictment: "The first paragraph then alleged that Appellant 'compelled the Complainant to submit and

We granted discretionary review in these cases and consolidated them. In *Welsh*, PD-0811-09, we granted review of the following ground:

> The Fort Worth Court of Appeals erred in holding that appellant was not entitled to an instruction on the lesser included offense of assault by contact.[12]

---

> participate by the use of physical force and violence, <u>and</u> by acts and words the Defendant placed the Complainant in fear that serious bodily injury would be imminently inflicted on [the complainant].'" The first portion of that paragraph states an essential element of sexual assault; is not "an aggravating factor."

> The offense of sexual assault under Penal Code Sec. 22.011(a)(1)(A) requires proof that the assaultive conduct on the other person is "without that person's consent," and subsection (b) prescribes 11 ways in which that element must be established. The first way in which it may be alleged that the assaultive conduct was "without consent" is set out in subsection (b)(1), and the State included that language in Appellant's indictment, alleging that in causing physical contact with the complainant he "compelled the complainant to submit and participate by the use of physical force and violence." It makes absolutely no difference that the indictment "relied on assault by threat or kidnapping as aggravating factors," as the lower court's opinion stated. (See quoted portion, *supra*) If the allegations of the indictment, less the aggravating factors, less any factors and any number of factors in the abstract, permit a deduction of a lesser offense on those reduced facts, then the cognate pleadings test [set out in *Hall*] is satisfied. In this case it happens that the allegations of the sexual assault–without regard to any aggravating factors–provide the basis for deducing the elements of the lesser offenses.

(Emphasis in underline in original).

[12]

The parties have cited published and unpublished intermediate appellate court decisions that the parties assert demonstrate conflicting intermediate-appellate-court decisions on this issue. *Compare Aguilar v. State*, 263 S.W.3d 430, 434-36 (Tex.App.–Houston [1st Dist.] 2008, pet. ref'd) (aggravated-robbery indictment alleging that the defendant caused bodily injury "by striking [the complainant] in the head with his fist" did not include offensive-contact assault because the "facts required to prove [offensive-contact] assault include two that are not the same as, or less than, those required to establish the aggravated robbery: that the contact was offensive or provocative and that [the defendant] knew or should have known that the contact was offensive or provocative"); *Ramos v. State*, 981 S.W.2d 700, 701 (Tex.App.–Houston [1st Dist.] 1998, pet. ref'd) (same with respect to charged offenses of aggravated sexual assault by penetration and indecency by contact because neither of these two offenses, as charged, required "proof that the defendant knew or reasonably believed that the complainant would regard the contact as offensive or provocative at the time of the contact") *with In re A.E.B.*, 255 S.W.3d 338, 345-47 (Tex.App.–Dallas 2008, pet. dism'd)

In *McKithan*, PD-969-09, we granted review of the following ground:

> Was the Court of Appeals correct in saying assault–offensive touching–is not allowed when the indictment says the defendant used force and violence against the complainant?[13]

Article 37.09(1), TEX. CODE CRIM. PROC., provides that an offense is a lesser-included offense "if it is established by proof of the same or less than all the **facts required** to establish the commission of the offense charged."[14] In *Hall*, we adopted the cognate-pleadings approach for the first step of the lesser-included offense analysis and recognized that this approach is compatible with, and is "the better analysis" of, Article 37.09. *See Hall*, 225 S.W.3d at 533 (Article 37.09 is compatible with cognate-pleadings approach to lesser-included offenses) and at 535 (holding that cognate-pleadings approach is the sole test for determining in the first step whether a party may be entitled to a lesser-included-offense instruction) and at 537 (also recognizing that this is the "better analysis" of Article 37.09) and at 539 (Hervey, J., dissenting) ("The Court's decision that Article 37.09(1) requires an examination of the statutory elements of the charged offense as they are modified by the charging instrument in determining the 'facts required' to establish the commission

---

(attempted-sexual-assault indictment alleging that juvenile "knocked O.P. [the complainant] to the ground and physically overpowered her" included offensive-contact assault because "the conduct element of attempted sexual assault alleged–knocking O.P. to the ground and physically overpowering her–includes the conduct element of assault–causing physical contact with O.P. when he knew or should reasonably have believed that O.P. would have regarded the contact as offensive or provocative").

[13] McKithan also claims in his brief on discretionary review, as he did in the trial court, in the court of appeals and in his discretionary-review petition, that bodily-injury assault is also a lesser-included offense of the charged aggravated-sexual-assault offense. We will address this claim.

[14] Emphasis supplied.

of the offense charged is consistent with the plain language of Article 37.09(1).").  We further stated in *Hall* that the step-one lesser-included-offense analysis must be "capable of being performed before trial by comparing the elements of the offense as they are alleged in the indictment or information with the elements of the potential lesser-included offense."  *See Hall*, 225 S.W.3d at 535-36.  We also stated in *Hall* that "the elements of the lesser offense do not have to be pleaded [in the indictment] if they can be deduced from the facts alleged in the indictment."  *See Hall*, 225 S.W. 3d at 535.

In an opinion on rehearing in *Ex parte Watson*, we reaffirmed that Article 37.09(1) and *Hall* control the step-one lesser-included-offense analysis.  *See Ex parte Watson*, 306 S.W.3d 259, 273 (Tex.Cr.App. 2009) (op. on reh'g).  The opinion on rehearing in *Watson* stated:

> We now reaffirm the principle that we, at least implicitly, recognized in *Hall*: An offense is a lesser-included offense of another offense, under Article 37.09(1) of the Code of Criminal Procedure, if the indictment for the greater-inclusive offense either: 1) alleges all of the elements of the lesser-included offense, or 2) alleges elements plus facts (including descriptive averments, such as non-statutory manner and means, that are alleged for purposes of providing notice) from which all of the elements of the lesser-included offense may be deduced.  Both statutory elements and any descriptive averments alleged in the indictment for the greater-inclusive offense should be compared to the statutory elements of the lesser offense.  If a descriptive averment in the indictment for the greater offense is identical to an element of the lesser offense, **or if an element of the lesser offense may be deduced from a descriptive averment in the indictment for the greater-inclusive offense**, this should be factored into [the first step of] the lesser-included-offense analysis in asking whether all of the elements of the lesser offense are contained within the allegations of the greater offense.

*Id*. (footnotes omitted and emphasis supplied).

This emphasized language from the opinion on rehearing in *Watson* is based on the statement in *Hall* that "the elements of the lesser offense do not have to be pleaded [in the indictment] if they can be deduced from the facts alleged in the indictment."  *See Hall*, 225 S.W. 3d at 535.  Our cases

have recognized that this statement from *Hall* approvingly describes what is essentially the "functional-equivalence concept" as a valid component of the step-one lesser-included-offense analysis set out in *Hall*. *See Evans v. State*, 299 S.W.3d 138, 143 (Tex.Cr.App. 2009) (noting State's concession "that *Hall* approved the use in the lesser-included-offense analysis of a concept similar to functional equivalence when it stated that 'the elements of the lesser offense do not have to be pleaded if they can be *deduced* from the facts alleged in the indictment.'") (emphasis added in original).[15] The "functional-equivalence concept" requires courts to "examine the elements of the lesser offense and decide whether they are functionally the same or less than those required to prove the charged offense." *See Farrakhan v. State*, 247 S.W.3d 720, 722-23 (Tex.Cr.App. 2008) (internal quotes omitted and emphasis in original) and at 724 ("When it used the term 'functional equivalence,' the court [of appeals] employed the same two-step method of conducting such lesser-included-offense analyses in its opinion that we described in *Hall* shortly thereafter.").

This is consistent with our decision in *Salazar v. State* in which we held that a habitation "inherently" provides notice that entry is forbidden for purposes of determining whether criminal trespass is a lesser-included offense of the charged burglary-of-a-habitation offense. *See Salazar v. State*, 284 S.W.3d 874, 875, 878 (Tex.Cr.App. 2009).[16] In other words, the indictment's allegation

---

[15] This "functional-equivalence concept" appears to be synonymous with the concepts of "necessary inclusion" or "subsumption of elements." *See Evans*, 299 S.W.3d at 143.

[16] In *Salazar*, we stated:

In this case, the Court of Appeals did correctly identify *Hall* as the controlling standard for assessing lesser-included offenses. However, in its analysis of the first step, the Court determined that the legal elements of criminal trespass were not comparable to the elements of burglary of a habitation as they were alleged in the indictment. According to the Court, the notable element absent from the indictment

in *Salazar* of a "habitation" was functionally equivalent to an allegation of notice that entry into the habitation was forbidden making this element of criminal trespass established by the facts required (i.e., "habitation") to establish the charged burglary-of-a-habitation offense. *See id.* Thus, in cases like this, where an allegation in the indictment is not identical to an element of the lesser offense, the issue under *Hall* is whether the indictment's allegation is functionally equivalent to an element of the lesser offense. *See Watson*, 306 S.W.3d at 273 (op. on reh'g); *Evans*, 299 S.W.3d at 143; *Salazar*, 284 S.W.3d at 878; *Farrakhan*, 247 S.W.3d at 722-23.

**I. Is Bodily-Injury Assault or Offensive-Contact Assault a Lesser-Included Offense of the Charged Offense in *McKithan*?**

The elements of bodily-injury assault are set out in Section 22.01(a)(1) of the Penal Code, which provides that a person commits the offense of assault if the person causes bodily injury to another. The elements of offensive-contact assault are set out in Section 22.01(a)(3) of the Penal Code, which provides that a person commits the offense of assault if the person causes physical contact with another when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative.

Initially, we note that McKithan has not claimed that the indictment's allegation that he penetrated the complainant's sexual organ with his finger is the functional equivalent (or requires

_____

> was *notice* of forbidden entry, which is a requirement of criminal trespass and yet nowhere mentioned in the indictment. In this case, however, it would not have been necessary to expressly include the language of notice in the indictment because notice is inherent in a "habitation." Further, pursuant to *Hall*, "the elements of the lesser offense do not have to be pleaded if they can be deduced from the facts alleged in the indictment." We believe it can be deduced from the indictment, that the appellant had notice, quite simply, because notice is inherent to a habitation and the indictment read "burglary of a habitation."

*See Salazar*, 284 S.W.3d at 878 (footnotes omitted and emphasis in original).

proof) of bodily-injury assault or of offensive-contact assault.[17]  Rather, McKithan claims that these offenses may be deduced or inferred from the  indictment's "physical force and violence" allegation. McKithan argues in his brief on discretionary review that "[i]t can certainly be inferred from the indictment's allegation that [McKithan] used physical force and violence against the complainant that he caused her pain–one definition of bodily injury" in Section 1.07(a)(8) of the Penal Code and that "he would know that the complainant would find such contact offensive or provocative."[18]

McKithan's arguments are based on the language from the opinion on rehearing in *Watson* that it is relevant to the step-one lesser-included-offense analysis under *Hall* "if an element of the lesser offense may be deduced[19] from a descriptive averment in the indictment for the greater-

---

[17]

This could be because McKithan determined that he would not have been entitled to jury instructions on these offenses under the step-two lesser-included-offense analysis under *Hall*, since McKithan testified at trial and denied that he penetrated the complainant's sexual organ with his finger.  *See Hall*, 225 S.W.3d at 536 (evidence presented at trial is important to step-two lesser-included-offense analysis).  We express no opinion on whether the allegation in McKithan's indictment that he penetrated the complainant's sexual organ with his finger required the State to prove bodily-injury assault or offensive-contact assault.

[18]

For example, McKithan argues:

[T]he language alleging sexual assault in this indictment clearly implies the elements of Penal Code Sec. 22.01(a)[3], assault by causing physical contact with another when the actor knows or reasonably should believe the other person will regard the contact as offensive, as a possible lesser offense.  It takes no great leap of the imagination to infer–that is, to deduce from the language of the indictment–that the complainant would regard as offensive [McKithan's] physical contact, which the indictment alleged that he compelled her to submit to, by the use of force and violence, and that [McKithan] did know or reasonably should have known she would regard it as offensive.

[19]

We note that "infer" is a definition and synonym of the term "deduce."  *See Roget's Desk Thesaurus* 133 (2001); Webster's II *New Collegiate Dictionary* 294 (1999).

inclusive offense." McKithan's arguments, however, read too much into this statement from the opinion on rehearing in *Watson*, which, as we have already discussed, describes what is essentially the "functional-equivalence concept" as a valid component of the step-one lesser-included-offense analysis under *Hall*. *See also Evans*, 299 S.W.3d at 143; *Salazar*, 284 S.W.3d at 878; *Farrakhan*, 247 S.W.3d at 722-24.[20] The issue under *Hall* and *Watson* is not whether bodily-injury assault or offensive-contact assault may be deduced or inferred from the indictment's allegation that McKithan used "physical force and violence" but whether this allegation in the indictment is functionally equivalent to an allegation of bodily-injury assault or to an allegation of offensive-contact assault (i.e., whether, in establishing the "physical force and violence" allegation in the indictment, the State was required to prove bodily-injury assault or offensive-contact assault).

And we believe that settled case law supports a decision that the "physical force and violence" allegation in McKithan's indictment is not functionally equivalent to an allegation of bodily-injury and that the State was not required to prove bodily injury to establish this "physical force and violence" allegation in McKithan's aggravated-sexual-assault indictment. *See Wisdom v. State*, 708 S.W.2d 840, 843 n.3 (Tex.Cr.App. 1986) (the terms "force" and "violence" are "synonymous when used in relation to assault, and include any application of force even though it entails no pain or bodily injury and leaves no mark"); *Brown v. State*, 576 S.W.2d 820, 822-23 (Tex.Cr.App. 1978) (defendant compelling complainant to submit to sexual intercourse by holding

---

[20]

We also note that McKithan's reading of the opinion on rehearing in *Watson* would be inconsistent with the "facts required" language in Article 37.09(1) and would change this "facts required" language into "facts deduced or inferred." *See Hall*, 225 S.W.3d at 534 (disapproving of interpretation of Article 37.09(1) that negates the language of Article 37.09(1) "by changing 'facts required' into 'facts presented'") (quoting *Jacob v. State*, 892 S.W.2d 905, 908 (Tex.Cr.App. 1995)).

a gun to her head sufficient to show force and threats); *Trejo v. State*, 242 S.W.3d 48, 50-52 (Tex.App.–Houston [14ᵗʰ Dist.] 2007) (aggravated assault not lesser-included offense of charged aggravated-sexual-assault offense because serious bodily injury was not a "fact required" to establish the "physical force and violence" and "threatening to use force and violence" allegations in the indictment), *overruled on other grounds, Trejo v. State*, 280 S.W.3d 258 (Tex.Cr.App. 2009); *Edwards v. State*, 97 S.W.3d 279, 291 (Tex.App.–Houston [14ᵗʰ Dist.] 2003, pet. ref'd) (explicit verbal threats and physical injury are not required to prove that a defendant compelled the victim's participation in a sexual assault by physical force and violence) (and cases cited); *Gonzales v. State*, 2 S.W.3d 411, 414-16 (Tex.App.–San Antonio 1999, no pet.) (defendant compelling the complainant to submit to sexual intercourse by laying on top of the complainant and preventing her from moving sufficient to show physical force and violence).[21]  The court of appeals, therefore, did not err to decide that the trial court properly refused McKithan's requested jury instruction on bodily-injury assault.

We also believe that this case law supports a decision that the "physical force and violence" allegation in McKithan's indictment is not functionally equivalent to an allegation of physical contact and that the State was not required to prove physical contact in establishing this "physical

---

[21] McKithan also argues that this Court's decision in *Schmidt v. State* "comes close to holding" that bodily-injury assault is the legal equivalent to the "physical force and violence" allegation in the indictment. *See Schmidt v. State*, 278 S.W.3d 353 (Tex.Cr.App. 2009). We understand McKithan to claim that *Schmidt* decided that "striking" someone is the "legal equivalent of causing bodily injury" which, according to McKithan, would support deciding that "physical force and violence" is also the "legal equivalent of causing bodily injury." In *Schmidt*, we assumed without deciding that the defendant's act of "striking" the complainant was "the legal equivalent of causing bodily injury," because the State did not challenge that decision by the court of appeals. *See Schmidt*, 278 S.W.3d at 356 n.6.

force and violence" allegation in McKithan's aggravated-sexual-assault indictment.  *See Wisdom*, 708 S.W.2d at 843 n.3 ("violence is a general term and includes all sorts of force"); *Brown*, 576 S.W.2d at 822-23 ( concept of force includes "physical force, threats, or some other type of coercion" and the defendant compelling the complainant to submit to sexual intercourse by holding a gun to her head sufficient to show force or threats); *Robinson v. State*, 149 S.W. 186, 187-88 (Tex.Cr.App. 1912) ("violence" is a general term and includes all sorts of force and noting that the term has also been defined as "moving or acting with physical strength, urged or impelled with force, acting that is characterized or produced by improper force").  The court of appeals, therefore, did not err to decide that the trial court properly refused McKithan's requested jury instructions on offensive-contact assault.

**II. Is Offensive-Contact Assault a Lesser-Included Offense of the Charged Offense in *Welsh*?**

Welsh argues that offensive-contact assault is a lesser-included offense of bodily-injury assault "because the element of causing bodily injury [by kicking] is legally equivalent to the complainant's regarding such contact as offensive or provocative."  We decide that the causing-bodily-injury-by-kicking allegation in Welsh's indictment is not functionally equivalent to an allegation that Welsh knew or should reasonably have believed that the complainant would regard this contact as offensive or provocative.  The State was not required to prove the latter (i.e., that appellant knew or should reasonably have believed that the complainant would regard this contact as offensive) to establish the former (i.e. that appellant caused the complainant bodily injury by kicking).  *See also Welsh*, slip op. at 4-5 (offensive-contact assault is not a lesser-included offense of the charged bodily-injury-assault offense as charged because, to establish that Welsh caused bodily injury to the complainant "by kicking her with his foot, the State was not required to prove

that Welsh knew or reasonably should have believed that [the complainant] would regard the contact as offensive or provocative"). In establishing the charged bodily-injury-assault offense, the State was required to prove only that appellant caused the complainant bodily injury by kicking her. It is irrelevant whether the defendant knew or should have reasonably believed that the complainant would consider this contact as offensive or provocative.

We also note that this Court has stated that the three statutory definitions of simple assault contained in Section 22.01(a)(1)-(3) of the Penal Code are "three distinct criminal offenses." *See* *Landrian v. State*, 268 S.W.3d 532, 540 (Tex.Cr.App. 2008).[22] A contrary decision in this case would be inconsistent with this legislative intent and would amount to a holding that, in every bodily-injury-assault case involving physical contact, the State is required to prove, as an element of that bodily-injury-assault case, that the defendant also knew or should have reasonably believed that the complainant would regard that contact as offensive.

Our opinion in *Hall* and the opinions by the court of appeals and by this Court in *Farrakhan* support this decision. *See Farrakhan v. State*, 263 S.W.3d 124, 132-40 (Tex.App.–Houston [1ˢᵗ Dist.] 2006), *aff'd by Farrakhan*, 247 S.W.3d at 724. In *Farrakhan*, this Court approved of the court of appeals's pre-*Hall* lesser-included-offense analysis as being consistent with *Hall*. *See Farrakhan*, 247 S.W.3d at 724 ("When it used the term 'functional equivalence,' the court [of appeals] employed the same two-step method of conducting such lesser-included-offense analyses in its opinion that we described in *Hall* shortly thereafter. Thus, it reached the same result that *Hall* would have mandated.").

---

[22]

*See* § 22.01(a)(1) (bodily-injury assault); § 22.01(a)(2) (assault by threatening another with imminent bodily injury); § 22.01(a)(3) (offensive-contact assault).

The issue in *Farrakhan* was whether the Class B misdemeanor offense of fleeing or attempting to elude a police officer[23] is a lesser-included offense of the charged state-jail-felony offense of evading detention by use of a motor vehicle.[24] In relevant part, the indictment for the state-jail-felony offense of evading detention by use of a motor vehicle alleged that the defendant fled in a vehicle from a police officer who was attempting lawfully to arrest the defendant. *See Farrakhan*, 263 S.W.3d at 132. Over the defendant's objection, the trial court instructed the jury on the Class B misdemeanor offense of fleeing or attempting to elude a police officer, which provides that a person commits this offense when "the person operates a motor vehicle and wilfully fails or refuses to bring the vehicle to a stop or flees, or attempts to elude, a pursuing police vehicle when given a visual or audible signal to bring the vehicle to a stop." *See Farrakhan*, 263 S.W.3d at 129, 132 (internal quotes omitted). This offense is further defined by stating that "the officer's signal may be by hand, voice, emergency light, or siren, and the signaling officer must be uniformed, prominently displaying his badge, and driving a vehicle that is appropriately marked as an official police vehicle." *See id*. (internal quotes omitted).

Declining to follow the Fort Worth Court of Appeals's decision in *Walker v. State*,[25] the court of appeals in *Farrakhan* decided that the State was not required to prove at least three elements of the fleeing-or-attempting-to-elude-a-police-officer offense in establishing the charged evading-

---

[23]

*See* § 545.421(a), Tex. Transp. Code.

[24]

*See* § 38.04(a), Tex. Penal Code.

[25]

95 S.W.3d 516, 519 (Tex.App.–Fort Worth 2002, pet. ref'd) (deciding that offense of fleeing or attempting to elude a police officer is a lesser-included offense of evading detention by use of a motor vehicle).

detention-by-a-motor-vehicle offense and that "the uncharged offense's elements requiring proof of these three facts were neither the functional equivalents of the elements of the charged offense nor were they included within the charged offense's elements." *See Farrakhan*, 263 S.W.3d at 138-39. The court of appeals stated that it was irrelevant that the State may have proved the fleeing-or-attempting-to-elude-a-police-officer offense "in the process of proving the statutorily required elements of evading detention is irrelevant." The court of appeals stated:

> For example, as charged here, the offense of evading detention required that the State prove only that appellant, by using a motor vehicle, intentionally fled from Officer Roi when appellant knew that Officer Roi was a peace officer attempting to detain him lawfully. That offense did not require the State to prove, for example, that Officer Roi was in a vehicle of any kind (as unusual as that scenario might be when the suspect is in a vehicle); that the officer was uniformed and prominently displaying his badge; or that, if the officer was using a vehicle, that vehicle was appropriately marked as an official police vehicle. The fact that the State *did* prove these things in the process of proving the statutorily required elements of evading detention is irrelevant. We respectfully disagree with the *Walker* court's conclusion to the contrary because its conclusion appears to have rested on what evidence the State actually presented, rather than on what evidence the State was required to present, to prove the charged offense.

*See Farrakhan*, 263 S.W.3d at 139 (emphasis in original, footnotes and citation to authority omitted).

In *Hall*, we decided that aggravated assault by threatening another with imminent bodily injury by displaying a gun was not a lesser-included offense of murder as charged in an indictment, which, in relevant part, alleged that the defendant caused the death of an individual by shooting him with a gun. We decided in *Hall* that the "threatening" and "display" elements of the aggravated-assault lesser offense were not "facts required" to establish the charged murder offense even though "the evidence may show threatening and display." *See Hall*, 225 S.W.3d at 536-37.[26] In *Hall*, we

---

[26] *Hall*, therefore, decided that shooting and killing a person with a gun is not, in a step-one

stated:

> The **facts required** to prove the lesser offense include two that are not the same as, or less than, those required to establish the offense charged: threatening and display.
>
> It is true that the evidence may show threatening and display. The evidence may show a number of other lesser offenses as well, such as disorderly conduct by discharging a firearm in a public place or across a public road or by displaying a firearm in a public place in a manner calculated to alarm, unlawfully carrying of weapon, or unlawful possession of weapon. But those offenses likewise are not established by the same or less than the proof **required** to prove the allegations in the indictment for murder. Aggravated assault by threat, like the other offenses mentioned, requires proof of additional facts.

*See Hall*, 225 S.W.3d at 536-37 (emphasis supplied and footnotes omitted).

In *Farrakhan*, we approved of the court of appeals's decision that the "fleeing" offense was not a lesser-included offense of the charged "evading" offense even though proof of the charged "evading" offense may also have shown the "fleeing" offense. *See Farrakhan*, 247 S.W.3d at 722-23; *Farrakhan*, 263 S.W.3d at 138-39. In *Hall*, we decided that the aggravated-assault-by-threat offense was not a lesser-included offense of the charged murder offense even though proof of the charged murder offense may also have shown the aggravated-assault-by-threat offense. *See Hall*, 225 S.W.3d at 536-37. These were not lesser-included offenses of the charged offenses in both of these cases because the State was not **required** to prove these offenses in establishing the charged offenses, even though the State's evidence may have shown them. *See id.*; *Farrakhan*, 263 S.W.3d at 138-39.

Thus, as in *Farrakhan* and *Hall* where the facts required to show the charged offenses may

---

lesser-included-offense analysis, functionally equivalent to threatening that person with imminent bodily injury by displaying a gun.

also have shown "a number of other lesser offenses as well,"[27] it is not dispositive that the evidence in Welsh's bodily-injury-assault case may also have shown offensive-contact assault. *Compare Farrakhan*, 263 S.W.3d at 139 (charged offense "did not require the State to prove, for example, that Officer Roi was in a vehicle of any kind (as unusual as that scenario might be when the suspect is in a vehicle)"). The relevant inquiry is not what the evidence may show but what the State is required to prove to establish the charged offense. *See Hall*, 225 S.W.3d at 536-37 (State not required to prove threatening and display even though these may be shown by the evidence); *Farrakhan*, 263 S.W.3d at 139 (relevant inquiry is based on "what evidence the State was required to present, to prove the charged offense" and that "the State *could* and *did* present evidence" of a lesser offense "does not mean that the State was *required* to do so") (emphasis in original).[28] And, in Welsh's case, we have decided that the State was not required to prove offensive contact in establishing the charged bodily-injury-assault offense (even though the State's evidence may have shown offensive contact).

The judgments of the courts of appeals in *McKithan* and in *Welsh* are affirmed.


Hervey, J.


Delivered: November 10, 2010
Publish

---

[27]

*See Hall*, 225 S.W.3d at 536.

[28]

These same considerations apply in McKithan's case since the State's proof of a "physical force and violence" indictment allegation in McKithan's case may also have shown bodily injury and offensive contact.