Opinion issued December
9, 2010



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-00754-CR

———————————

JUAN
RIVERA ROMAN, Appellant

V.

THE STATE OF TEXAS, Appellee



 



 

On Appeal from the 176th District Court 

Harris County, Texas

Trial Court Case No. 110787



 



 

MEMORANDUM OPINION

          A jury found appellant, Juan Rivera
Roman, guilty of the offense of aggravated sexual assault of a disabled
person.  See Tex. Penal Code Ann.
§ 22.021(a)(l)(A)(i), (a)(2)(C) (Vernon Supp. 2010).  The jury also found “true” the allegations in
the indictment’s enhancement paragraph, which alleged that appellant had
previously been convicted “of the felony of aggravated rape” in 1981.  Pursuant to Penal Code section 12.42(c)(2),
which provides for a mandatory life sentence for certain types of repeat sexual
offenders, appellant was sentenced to life in prison.  See Tex. Penal Code Ann. § 12.42(c)(2) (Vernon
Supp. 2010).  

          In two issues, appellant contends that
the trial court erred when it did not instruct the jury regarding two
lesser-included offenses. 

          We affirm.  

Background

          With regard to the primary offense, the
indictment in this case reads, in part, as follows:

[O]n or about March 11, 2007, [the Defendant, Juan Rivera
Roman,] did then and there unlawfully, intentionally and knowingly cause the
penetration of the mouth of [V.R.], hereinafter called the Complainant, a
DISABLED PERSON with the sexual organ of the Defendant, without the Complainant’s
consent, namely, the Defendant knew that as a result of mental disease and
defect that the Complainant was at the time of the sexual assault incapable of
appraising the nature of the act and of resisting the act.

 

          At trial, the State’s principal
witness was V.R.’s mother, Teresa Duenas. 


          Duenas first described V.R.’s
disability for the jury.  She testified
that V.R. is a severely mentally retarded 30-year-old man with an I.Q. of
approximately 20.  He functions at the
level of a one- to three-year old child. 
V.R. is considered non-verbal with a limited vocabulary of five
words.  He enjoys playing with balls and
stuffed animals.  V.R. does not know how
to use the bathroom and wears diapers.  V.R.
is not able to care for or protect himself and cannot provide himself with the
most basic needs.  

          Duenas is not employed because taking
care of V.R. is a full-time job.  Duenas
told the jury that V.R. cannot be left alone without supervision because “he’s
like a small child, a baby.”  She told
the jury that family members watch V.R. when she needs to run errands.  

          In March 2007, V.R. and Duenas lived
in a two-bedroom apartment.  Appellant,
who is Duenas’s half-brother, also lived in the apartment.  On the evening of March 11, 2007, appellant and
Duenas drank some beer together at the apartment.  After she had drunk three beers, Duenas went
to visit her neighbor, who lived three doors down.  She left V.R. in appellant’s care.  When Duenas left, V.R. and appellant were
each in his own bed.  

          Duenas went to her neighbor’s
apartment and drank one beer.  After she
had been gone for 30 minutes, Duenas returned to her apartment to check on V.R.
 Duenas testified that when she walked
into V.R.’s bedroom, she saw appellant standing over V.R., who was sitting on the
bed.  Duenas testified that she saw
appellant’s penis in V.R.’s mouth. 
Appellant’s hands were on V.R.’s head, and appellant was moving V.R.’s
head back and forth.  Duenas confirmed
that she could tell that appellant’s penis was erect.         Duenas
screamed and yelled at appellant to get out of her house.  Appellant said that he was sorry and left the
apartment.  

          Duenas called 9-1-1 and the police
were dispatched to her home.  While the
police were there, appellant called Duenas and told her that he was sorry.  Duenas testified that although she had drunk
four beers that night, she was not intoxicated. 
The responding police officer also testified that Duenas did not appear
intoxicated that night.  

          The State also presented evidence that
buccal swabs were collected from V.R.’s mouth on the night of the offense.  Testing on the samples revealed that no semen
or DNA foreign to V.R. were present in V.R.’s mouth when the samples were collected.  The only DNA present in the samples was
V.R.’s DNA.

          At the charge conference, appellant requested
lesser-included offense instructions on the offenses of sexual assault,
indecent exposure, and assault by offensive touching.  The trial court instructed the jury on the
lesser-included offense of sexual assault, but denied appellant’s request with
respect to instructions on indecent exposure and assault by offensive touching.

          The jury found appellant guilty of
aggravated sexual assault.  During the
punishment phase, the jury found the enhancement allegations regarding
appellant’s 1981 conviction for the offense of aggravated rape to be true.  Appellant was, as statutorily required,
sentenced to life in prison.  This appeal
followed.  

Lesser-Included
Offense Instructions

          In two issues, appellant contends that
the trial court erred when it denied his request for lesser-included offense
instructions for the offenses of assault by offensive touching and indecent
exposure.  

A.      Legal
Principles

          We employ a two-part test to determine
whether a trial court should have given a lesser-included offense instruction
requested by the defendant.  See Guzman v. State, 188 S.W.3d 185, 188
(Tex. Crim. App. 2006); Salinas v. State,
163 S.W.3d 734, 741 (Tex. Crim. App. 2005).  In the first part, we determine whether an
offense is a lesser-included offense of the alleged offense.  Hall v.
State, 225 S.W.3d 524, 535 (Tex. Crim. App. 2007); Salinas, 163 S.W.3d at 741. This determination is a question of
law, and it does not depend on the evidence to be produced at the trial.  Hall,
225 S.W.3d at 535.  When the greater
offense may be committed in more than one manner, the manner alleged will
determine the availability of lesser-included offenses.  Id. at
531.

          The second step is to determine if
there is some evidence that would permit a rational jury to find that the
defendant is guilty of the lesser offense but not guilty of the greater.  Id.
at 536; Salinas, 163 S.W.3d at 741.  Anything more than a scintilla of evidence may
be sufficient to entitle a defendant to a charge on the lesser offense.  Hall,
225 S.W.3d at 536.  “[I]t is not enough
that the jury may disbelieve crucial evidence pertaining to the greater
offense, but rather, there must be some evidence directly germane to the
lesser-included offense for the finder of fact to consider before an
instruction on a lesser-included offense is warranted.”  Hampton
v. State, 109 S.W.3d 437, 441 (Tex. Crim. App. 2003).  We review all evidence presented at trial to
make this determination.  Rousseau v. State, 855 S.W.2d 666, 673
(Tex. Crim. App. 1993).  If the evidence
raises the issue of a lesser-included offense, a jury charge must be given
based on that evidence, “whether produced by the State or the defendant and
whether it be strong, weak, unimpeached, or contradicted.”  Id.
at 672 (quoting Bell v. State, 693
S.W.2d 434, 442 (Tex. Crim. App. 1985)).

B.      Analysis

          To determine whether assault by
offensive contact and indecent exposure are lesser-included offenses of
aggravated sexual assault, a comparison must be made of the elements of the
offense as they are alleged in the indictment with the elements of the
potential lesser-included offenses.  Id. at 535–36.  Here, the statutory elements of aggravated sexual
assault as modified by the allegations in the indictment are as follows:

(1)     appellant

(2)     intentionally or knowingly

(3)     caused the penetration of the mouth of V.R.
with appellant’s sexual organ

(4)     without V.R.’s consent, namely, appellant knew that as result of
mental disease or defect, V.R. was at the
time of the sexual assault incapable of         appraising
the nature of the act or of resisting it, and 

 

(5)     V.R. is a disabled person.

See Tex. Penal
Code Ann. § 22.021(a)(l)(A)(i), (a)(2)(C).

The
statutory elements of assault by offensive contact are as follows:

(1)     a person

(2)     intentionally or knowingly

(3)     caused physical contact with another

(4)     when the person knew or should have reasonably believed that the
other           person would regard the
contact as offensive or provocative.

 

See Tex. Penal
Code Ann. § 22.01(a)(3).

The
statutory elements of indecent exposure are as follows:

(1)     a person

(2)     exposes his anus or any part of his
genitals

(3)     with intent to arouse or gratify the sexual
desire of any person, and 

(4)     the person is reckless about whether another is present who will
be offended     or alarmed by his act.

 

See Tex. Penal
Code Ann. § 21.08 (Vernon 2003).  

          We ask whether the elements of the potential
lesser-included offense is established by proof of the same or less than all
the facts required to establish the commission of the charged offense.  See Hall, 225 S.W.3d at 536.  In McKithan
v. State, we held that assault by offensive touching was not a lesser-included
offense of aggravated sexual assault.  No.
01-08-00222-CR, 2009 WL 1562883, at *4 (Tex. App.—Houston [1st Dist.] June 4,
2009) (mem. op., not designated for publication), aff’d 2010 WL 4483511 (Tex. Crim. App. Nov. 10, 2010) (citing Ramos v. State, 981 S.W.2d 700, 701
(Tex. App.—Houston [1st Dist.] 1998, pet. ref’d) (holding assault not
lesser-included offense of aggravated sexual assault because aggravated sexual
assault does not require proof that actor knew or should have known that
contact would be offensive)).  

          Appellant contends that this Court’s
holding in McKithan is
incorrect.  Since appellant filed his
brief, the Court of Criminal Appeals affirmed this Court’s judgment in McKithan, however, the affirmance was
based on an issue not pertinent to the issue before us.  McKithan v. State, No. PD-0969-09, 2010 WL 4483511, at *5 (Tex.
Crim. App. Nov. 10, 2010).  

          With respect to whether the offense of
indecent exposure is a lesser-included offense, appellant cites Evans v. State, 299 S.W.3d 138 (Tex.
Crim. App. 2009).  In Evans, the Court of Criminal Appeals
held that indecency with a child by sexual contact is a lesser-included offense
of aggravated sexual assault of a child when both offenses are predicated on
the same act.  Id at 143.  The court
explained why this is true despite the fact that the indecency offense contains
what might appear to be an extra element of intent to arouse or gratify sexual
desire.  See id. at 141–43  The court reasoned that “intent to arouse
or gratify sexual desire” was not an extra element because it was already part
of the definition of “sexual contact,” and sexual contact was a form of
touching subsumed within the “penetration” required to prove aggravated sexual
assault.  Id.  Appellant contends that
the reasoning and logic of Evans applies
in this case.        

          Regardless of the merit of appellant’s
contentions, we need not resolve whether assault by offensive contact and
indecent exposure are lesser-included offenses of aggravated sexual as alleged in
this case.  Appellant has not shown the
second part of the test as necessary to be entitled to the lesser-included
instructions for assault and indecent exposure in this case; that is, he has
not shown that the record contains some evidence that he is guilty only of one
of the claimed lesser-included offenses.  See
Guzman, 188 S.W.3d at 188–89.

          Appellant argues that he could have
been found guilty only of assault by offensive touching because there was some evidence
from which the jury could have inferred that no penetration occurred of V.R.’s
mouth by appellant’s penis.  Appellant asserts
that “[t]he only evidence of penetration came from the testimony of the
complainant’s mother Teresa Duenas.”  Appellant
points to evidence that Duenas had been drinking that evening.  He also cites Duenas’s testimony indicating
that appellant’s back was to her when she walked into V.R.’s bedroom.  Appellant also relies on the forensic
evidence showing that no semen or foreign DNA were found in the samples taken
from V.R.’ mouth that night.  

          Similarly, appellant contends that he
could have been found guilty only of the offense of indecent exposure because
there was some evidence from which the jury could have inferred that there was
no contact between V.R. and appellant’s penis. 
Appellant cites the same evidence discussed above as evidence showing no
contact.

          We disagree with appellant that the
cited evidence supports his request for the lesser-included offense
instructions.  To the contrary, the
record does not contain evidence from which a jury could find that, if he is
guilty, appellant is guilty only of the offense of assault by offensive contact
or of indecent exposure.  The conduct described
by Duenas was a single act of penetration of V.R.’s mouth by appellant’s
penis.  Duenas did not describe any other
offensive conduct besides the act of appellant placing his penis in V.R.’s
mouth.  Duenas also did not testify that
she saw appellant’s penis exposed other than when she saw it in V.R.’s
mouth.  In fact, she testified that is
specifically when she saw it.  

          With regard to the offense of indecent
exposure, appellant contends that exposure of his penis would have necessarily
preceded the alleged penetration.  Regardless
of the truth of such assertion, there is no evidence on which to base a finding
that one event occurred and the other did not. 
Stated differently, there is no affirmative evidence that exposure
occurred even though no penetration occurred. 


          The same can be said of the offense of
assault by offensive touching.  There is
no evidence that an offensive touching occurred aside from the penetration of
V.R.’s mouth.  Neither Duenas’s testimony
nor the forensic evidence indicates as much. Appellant did not testify, and V.R.
did not testify.  In short, there is no
evidence that, if he is guilty, appellant is guilty of only one of the two claimed
lesser-included offenses.   

          This is not to suggest that a defendant
must introduce evidence to establish that he committed a lesser-included
offense.  To the contrary, an instruction
should be given if the evidence of the element distinguishing the charged
offense from the lesser-included offense is so weak that a rational jury might
interpret it to have it no probative value.  See
Wolfe v. State, 917 S.W.2d 270, 278 (Tex. Crim. App. 1996).  

          Nonetheless, a guilty finding for the
lesser and greater offenses cannot stand or fall on the exact same
evidence.  There must be some evidentiary
distinction between the offenses.  See Hampton, 109 S.W.3d at 441.  In this case, the evidence showing that appellant
exposed his penis or engaged in an offensive touching is precisely the same
evidence that he penetrated V.R.’s mouth.  Evidence that negated the penetration element
would also negate the offensive touching and exposure elements of the claimed
lesser-included offenses.  

          We conclude that there is no evidence
in the record showing that, if he is guilty, appellant is guilty only of the
lesser-included offense of assault by offensive conduct or indecent
exposure.  We hold that the trial court
properly denied appellant’s request for the lesser-included offense
instructions.  

          We overrule appellant’s two issues. 

Conclusion

We affirm
the judgment of the trial court.

 

                                                                   Laura
Carter Higley

                                                                   Justice


 

Panel consists of Justices Keyes, Higley, and Bland

Do not publish.   Tex. R.
App. P. 47.2(b).