# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00621-CR

**Kenneth P. Miller, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM COUNTY COURT AT LAW NO. 4 OF TRAVIS COUNTY
### NO. C-1-CR-09-200637, HONORABLE MIKE DENTON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant Kenneth P. Miller of the misdemeanor offense of assault causing bodily injury. *See* Tex. Penal Code Ann. § 22.01(a)(1) (West Supp. 2010). Punishment was assessed at confinement in the county jail for one year. In a single issue on appeal, Miller asserts that the trial court erred by refusing to charge the jury on what Miller claims is the lesser-included offense of assault by contact. We will affirm the judgment.

The State charged Miller with assaulting Channdell Lofton, the mother of his infant child, and causing her injury. Specifically, the information contained the following allegations:

KENNETH MILLER, the Defendant, on or about January 9, 2009, did then and there intentionally, knowingly, and recklessly cause bodily injury to Channdell Lofton by seizing Channdell Lofton on and about the head with Defendant's hand, and by pushing Channdell Lofton on and about the head with the Defendant's hand, and by

hitting Channdell on and about the head with the Defendant's hand, and by seizing Channdell Lofton on and about the torso with the Defendant's leg . . . .[1]

At trial, the State presented evidence supporting the allegations, including the testimony of Lofton. Lofton testified that on the day in question, she and Miller were talking outside of Miller's house when they got into an argument over money. According to Lofton, the argument soon escalated into a physical altercation and Miller became violent—he grabbed her arm, pushed her to the ground, and proceeded to beat her, banging her head against the side of the house, repeatedly punching her in the face, and dragging her by her hair into the backyard, where he continued to assault her. Lofton testified that she sustained injuries as a result of the assault, including "contusions all over the place," two black eyes with "blood vessels bursting in one of them," and a strained cervix.

Miller's strategy at trial was to portray Lofton as the aggressor. Miller's friend, Darnell McClain, testified that he had witnessed the altercation and that Lofton had grabbed Miller's shirt and then his pants and had pulled money out of his pocket. According to McClain, after that, Miller and Lofton began "tussling for the money" and "going, you know, blow for blow, she hit him and he hit her." McClain characterized the altercation as Miller "just trying to get away from her, get his money back."

Miller testified in his defense and claimed that Lofton initiated the violence by biting him and hitting him in the head. Miller explained, "I tried to pull her away by her hair, she was

---

[1] The information contained a second paragraph alleging the same conduct but adding the allegation that Miller and Lofton were involved in a dating relationship at the time of the offense. However, the jury was unable to reach a verdict on this allegation.

biting into my wrists and I grabbed her by her hair and pulled, she still wouldn't let go and that seemed kind of painful so I hit her in the chin." Then, Miller asserted, Lofton hit him under his eye. Miller denied that he was trying to hurt Lofton and claimed that he was using only the amount of force necessary to defend himself from her.

During the charge conference, Miller argued that he was entitled to a jury instruction on the offense of assault by contact which, he claimed, was a lesser-included offense of assault causing bodily injury. *See* Tex. Penal Code Ann. § 22.01(a)(3) (defining offense of assault by contact). The trial court denied the requested instruction and Miller was subsequently convicted of the charged offense. This appeal followed.

After this case was briefed by the parties, the Texas Court of Criminal Appeals decided the very issue that is now before us. In *McKithan v. State*, the court held that assault by contact was not a lesser-included offense of assault causing bodily injury. *See* Nos. PD-0969-09 & PD-0811-09, 2010 Tex. Crim. App. LEXIS 1392, at *26 (Tex. Crim. App. Nov. 10, 2010). Applying the cognate-pleadings approach it had first adopted in *Hall v. State*, 225 S.W.3d 524 (Tex. Crim. App. 2007), the court concluded that the offense of assault by contact contained an additional element that the State was not required to prove in order to establish the charged offense of assault causing bodily injury. *See McKithan*, 2010 Tex. Crim. App. LEXIS 1392, at *26-27. Specifically, in an assault-by-contact case, the State is required to prove that the defendant knew or should have reasonably believed that the complainant would regard the contact as offensive or provocative. *See* Tex. Penal Code Ann. § 22.01(a)(3). On the other hand, "[i]n establishing the charged bodily-injury-assault offense, the State was required to prove only that appellant caused the

3

complainant bodily injury by [assaulting] her. It is irrelevant whether the defendant knew or should have reasonably believed that the complainant would consider this contact as offensive or provocative." *McKithan*, 2010 Tex. Crim. App. LEXIS 1392, at *27. The court added that "it is not dispositive that the evidence in [appellant's] bodily-injury-assault case may also have shown offensive-contact assault. The relevant inquiry is not what the evidence may show but what the State is required to prove to establish the charged offense." *Id.* at *33-34 (internal citations omitted).

Following *McKithan*, we conclude that the State was not required to prove that Miller knew or should have reasonably believed that Lofton would regard his contact as offensive or provocative. Miller was thus not entitled to an instruction on the offense of assault by contact. We overrule Miller's sole issue on appeal.

We affirm the judgment of the trial court.

_____

Bob Pemberton, Justice

Before Chief Justice Jones, Justices Pemberton and Henson

Affirmed

Filed:   January 5, 2011

Do Not Publish