

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-24-00396-CR

---

DAMIAN CASTRO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from County Court at Law Number 2
Lubbock County, Texas
Trial Court No. CC-2023-CR-2567, Honorable Tom Brummett, Presiding

---

June 18, 2025

OPINION

Before QUINN, C.J., PARKER and YARBROUGH, JJ.

Following a plea of not guilty, Appellant, Damian Castro, was convicted by a jury of indecent assault, a Class A misdemeanor, and sentenced to confinement for 365 days.[1] By a sole issue, he maintains the trial court erred in failing to charge the jury on the lesser-included offense of assault, a Class C misdemeanor.[2]  We affirm.

---

[1] TEX. PENAL CODE ANN. § 22.012(a)(2).

[2] TEX. PENAL CODE ANN. § 22.01(a)(3).  Assault is a Class C misdemeanor punishable by fine only.

BACKGROUND

On a June afternoon in 2023, a police officer responded to a 911 call at a public pool regarding a disturbance by a patron who had acted inappropriately with the complainant, an eighteen-year-old female lifeguard. The officer interviewed the complainant, but Appellant had already left.

The complainant testified she was familiar with Appellant from prior visits to the pool. During those visits, he asked her age and made inappropriate comments. He also asked for her work schedule which she did not provide. On the date in question, he commented he "was going to make [her] wet," which she interpreted as weird and awkward.[3] When asked if his attention made her uncomfortable, she answered, "[e]xtremely."

On the day of the incident, she was fulfilling her assignment to stand by the slide and watch the pool.[4] She and Appellant were both wearing swimsuits. He approached her, stood behind her, and placed his hand on her back. She testified Appellant slid his hand down her back toward her hip area making her very uncomfortable. He rubbed up against her butt and leg and she felt his penis become erect. Unsure of what to do, she "just froze" and claimed there was "not a chance" she gave him consent to touch her. She approximated the encounter lasted two minutes after which Appellant walked away. She reported the incident to her supervisor who called the police.

---

[3] Two other female lifeguards testified Appellant made similar comments to them.

[4] She testified lifeguards rotate their assigned positions every fifteen minutes.

Appellant was charged with touching the complainant with part of his genitals without her consent with the intent to arouse or gratify his sexual desire. During the charge conference, counsel for Appellant bench-filed a written requested special instruction as follows:

> If you have a reasonable doubt of the defendant's guilt of Indecent Assault, you must next consider whether the defendant is guilty of the lesser included offense of Assault.
>
> Now, if you find from the evidence beyond a reasonable doubt . . . the Defendant, DAMIAN CASTRO, did then and there intentionally or knowingly cause physical contact with [the complainant], when DAMIAN CASTRO knew or should reasonably have believed that [the complainant] would regard the contact as offensive or provocative, then you will find the defendant guilty of Assault.
>
> If you have a reasonable doubt as to the defendant's guilt of Assault, you will acquit the defendant and say by your verdict, Not Guilty.

Arguments were presented on whether assault was a lesser-included offense of indecent assault. The trial court agreed with the State that assault was not a lesser-included offense and denied the requested instruction. Appellant objected to the trial court's failure to include the instruction in the jury charge.

## APPLICABLE LAW

The offense of indecent assault became effective September 1, 2019.[5] The law on whether assault is a lesser-included offense has not been developed. At trial, the State likened indecent assault to indecency with a child to buttress its position that assault is not a lesser-included offense of indecent assault.

---

[5] *See* Act of May 22, 2019, 86th Leg. R.S., ch. 955, § 1, 2019 TEX. GEN. LAWS 2768, 2768–69.

We review a trial court's denial of a lesser-included instruction for abuse of discretion. *Threadgill v. State*, 146 S.W.3d 654, 666 (Tex. Crim. App. 2004).

An offense is a lesser-included offense if:

(1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged;

(2) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission;

(3) it differs from the offense charged only to the respect that a less culpable mental state suffices to establish its commission; and

(4) it consists of an attempt to commit the offense charged or an otherwise included offense.

TEX. CODE CRIM. PROC. ANN. art. 37.09. To determine whether a defendant was entitled to an instruction on a lesser-included offense, we apply a two-part test. *Simms v. State*, 629 S.W.3d 218, 222 (Tex. Crim. App. 2021). First, we must determine whether the proof necessary to establish the charged offense also includes the lesser offense. *Cavazos v. State*, 382 S.W.3d 377, 382 (Tex. Crim. App. 2012). This is a question of law, and it does not depend on the evidence to be produced at trial. *Safian v. State*, 543 S.W.3d 216, 220 (Tex. Crim. App. 2018). If the first requirement is met, then the reviewing court must determine whether a rational jury could find the appellant guilty *only* of the lesser-included offense. *Cavazos*, 382 S.W.3d at 383. This second step is a "question of fact and is based on the evidence presented at trial." *Id.* Under this second step, "anything more than a scintilla of evidence may be sufficient to entitle a defendant to a lesser charge." *Hall v. State*, 225 S.W.3d 524, 536 (Tex. Crim. App. 2007). The threshold showing for entitlement to the instruction is "low" and may be satisfied by evidence that "refutes or

4

negates other evidence establishing the greater offense or if the evidence presented is subject to different interpretations." *Sweed v. State*, 351 S.W.3d 63, 68 (Tex. Crim. App. 2011). However, "it is not enough that the jury may disbelieve crucial evidence pertaining to the greater offense, but rather there must be some evidence directly germane to the lesser-included offense for the finder of fact to consider before an instruction on a lesser-included offense is warranted." *Bullock v. State*, 509 S.W.3d 921, 925 (Tex. Crim. App. 2016). Ultimately, the inquiry is whether the evidence establishes the lesser-included offense as a valid, rational alternative to the charged offense. *Id.* at 924.

## ANALYSIS

Appellant argues the trial court's rejection of his requested instruction on the lesser-included offense of assault was an abuse of discretion resulting in "some harm" to him requiring reversal under *Almanza v. State*, 686 S.W.2d 157 (Tex. Crim. App. 1985). He maintains evidence of the elements of assault is included within the proof necessary to establish the greater offense of indecent assault. We disagree.

Appellant was charged with committing indecent assault. The offense requires the following elements:

- the actor with the intent to arouse or gratify his sexual desire
- touched the complainant
- without her consent

TEX. PENAL CODE ANN. § 22.012(a)(2). The elements of assault are as follows:

- the actor intentionally or knowingly caused physical contact with another and

5

- knew or should have reasonably believed the complainant would regard the contact as offensive or provocative.

TEX. PENAL CODE ANN. § 22.01(a)(3).

As the State observes, the elements of assault are different, not less than, the elements of indecent assault. Most importantly, the culpable mental state for indecent assault required the State to show Appellant touched the complainant with the intent to arouse or gratify his sexual desire. An argument similar to Appellant's was rejected in *Shea v. State*, 167 S.W.3d 98, 105 (Tex. App.—Waco 2005, pet. ref'd). *Shea* involved a conviction for indecency with a child. One of the ways to commit such an offense is by engaging in sexual contact with a child younger than seventeen with intent to arouse or gratify the sexual desire of any person. TEX. PENAL CODE ANN. § 21.11(a). The appellant argued assault by offensive or provocative touching met the definition of the lesser-included offense because the mental state for assault is less than that for indecency with a child. The appellate court rejected the argument noting the legal definitions of the culpable mental states are different and thus, assault could not be a lesser-included offense of indecency with a child. *Shea*, 167 S.W.3d at 106. The court also acknowledged that although the same evidence may be probative of both elements, "they are distinctive elements." *Id.* The proof required to establish assault by offensive or provocative contact is different, not less, than that required to prove indecency with a child by contact. *Id.*

In the underlying case, the complainant testified she felt Appellant's penis become erect when he touched her back and rubbed up against her. He also told her he would "make her wet." His intent to arouse or gratify his sexual desire can be inferred from his

6

conduct, remarks, and the surrounding circumstances. *See McKinney v. State*, Nos. 07-15-00116-CR, 07-15-00061-CR—07-15-00064-CR, 2016 Tex. App. LEXIS 1765, at *6 (Tex. App.—Amarillo Feb. 18, 2016, pet. ref'd) (mem. op., not designated for publication). The element of "the actor intentionally or knowingly caused physical contact" needed to establish assault is different, not less, than the mental state required to establish indecent assault. The evidence did not support that if Appellant was guilty, it was *only* for the offense of assault. Borrowing from the logic applied in *Shea*, we conclude assault is not a lesser-included offense of indecent assault. *See McKithan v. State*, 324 S.W.3d 583 (Tex. Crim. App. 2010) (applying cognate-pleadings approach to conclude offensive-contact assault was not a lesser included offense of bodily-injury assault).[6] Succinctly put, assault does not require the same or less proof than indecent assault. The trial court did not abuse its discretion in denying Appellant's requested instruction for a lesser-included offense. Appellant's sole issue is overruled.

## CONCLUSION

The trial court's judgment is affirmed.

Alex Yarbrough
Justice

Publish.

---

[6] The "cognate-pleadings" approach provides that a lesser-included offense is included if the charging instrument (1) alleges all of the elements of the lesser-included offense or (2) alleges elements plus facts (including descriptive averments, such as non-statutory manner and means, that are alleged for purposes of providing notice) from which all of the elements of the lesser-included offense may be deduced. *See Crawford v. State*, __ S.W.3d __, No. PD-0243-23, 2025 Tex. Crim. App. LEXIS 194, at *13–14 (Tex. Crim. App. 2025).

7