

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-15-00111-CR

Claudia **CORTEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 13, Bexar County, Texas
Trial Court No. 446387
The Honorable Monica A. Gonzalez, Judge Presiding

Opinion by:     Patricia O. Alvarez, Justice

Sitting:        Rebeca C. Martinez, Justice
                Patricia O. Alvarez, Justice
                Luz Elena D. Chapa, Justice

Delivered and Filed:  October 14, 2015

AFFIRMED

Appellant Claudia Cortez was found guilty of assault causing bodily injury—family violence. The jury assessed punishment at one-year confinement in the Bexar County Jail and a fine in the amount of $700.00; the sentence was suspended and probated for a term of one year. On appeal, Cortez contends the trial court's refusal to hold a hearing on her motion for new trial prevented her from creating the necessary record to prove her claim that she received ineffective assistance of counsel. We affirm the trial court's judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

The State alleged that on July 29, 2012, Cortez intentionally, knowingly, and recklessly caused bodily injury to her then husband, Santos Cortez, when she scratched his face with her hand. On December 11, 2014, after a three-day trial, the jury found Cortez guilty and assessed punishment at one-year confinement in the Bexar county jail and a fine in the amount of $700.00; the sentence was suspended and probated for a period of one year.

On December 16, 2014, Cortez filed a motion for new trial asserting her trial counsel afforded ineffective assistance. Specifically, Cortez contended her counsel erroneously failed to request the lesser included offense of assault causing offensive contact be included in the jury charge. Attached to the motion for new trial was trial counsel's affidavit wherein he averred that he provided ineffective assistance to Cortez by failing to request the lesser included offense. Trial counsel's affidavit claims his omission of the lesser included offense of assault causing offensive contact deprived Cortez of her right to a fair trial. The motion for new trial was set on December 18, 2014.

On December 18, 2014, the hearing was reset to December 29, 2014, due to illness by both the judge and defense counsel. On December 29, 2014, the trial court denied the motion concluding, the "[h]earing on [the] motion for new trial was set in error. Judge never intended to have this matter set for hearing. The court never signed an order setting for hearing."

On January 9, 2015, Cortez timely filed an amended motion for new trial. On January 16, 2015, Cortez's amended motion for new trial was set for hearing on February 6, 2015. On February 4, 2015, the setting was vacated by the trial court.

In her sole issue on appeal, Cortez alleges the trial court erred in refusing to hold an evidentiary hearing on her motion for new trial raising her claim of ineffective assistance of counsel.

**MOTION FOR NEW TRIAL**

**A.     Standard of Review**

"An appellate court reviews a trial court's denial of a hearing on a motion for new trial for an abuse of discretion."  *See Hobbs v. State*, 298 S.W.3d 193, 200 (Tex. Crim. App. 2009); *accord Smith v. State*, 286 S.W.3d 333, 338 (Tex. Crim. App. 2009); *see also State v. Gonzalez*, 855 S.W.2d 692, 696 (Tex. Crim. App. 1993) (quoting *Grizzell v. State*, 164 Tex. Crim. 362, 298 S.W.2d 816, 821 (1956)) ("'The decision on a motion for new trial rests within the sound discretion of the trial court, and in the absence of an abuse of discretion this [C]ourt would not be justified in reversing the judgment.'").  The trial court's determination on a motion for new trial is based on (1) whether the evidence warranted a retrial of the cause of action or (2) "to complete the record for presenting issues on appeal." *Hobbs*, 298 S.W.3d at 199 (citing *Smith*, 286 S.W.3d at 338).  A motion for new trial "must be supported by an affidavit specifically setting out the factual basis for the claim." *Id.*  (quoting *Smith*, 286 S.W.3d at 339).

A hearing on a defendant's motion for new trial is not an absolute right.  *Id*. (citing *Smith*, 286 S.W.3d at 338); *accord Reyes v. State*, 849 S.W.2d 812, 815 (Tex. Crim. App. 1993).  "[A] trial judge abuses his discretion in failing to hold a hearing if the motion and accompanying affidavits (1) raise matters which are not determinable from the record and (2) establish reasonable grounds showing that the defendant could potentially be entitled to relief." *Hobbs*, 298 S.W.3d at 199 (citing *Smith*, 286 S.W.3d at 338–39).  In *Smith*, the Court of Criminal Appeals held the defendant was not entitled to a hearing on his ineffective assistance of counsel claims based on his failure to sufficiently prove prejudice as required under *Strickland*.  *See Smith*, 286 S.W.3d at 345.

**B.     Arguments of the Parties**

Cortez asserts she is entitled to a hearing for a new trial based on her claim that she received ineffective assistance of counsel.  *See Reyes*, 849 S.W.2d at 816 (holding that trial counsel was

ineffective for failing to inform appellant of a plea bargain offered by the State); *Hobbs*, 298 S.W.3d at 198–200. Specifically, Cortez alleges her trial counsel failed to request the lesser included offense of assault causing offensive contact be included in the jury charge[1]. Based on trial counsel's failure, Cortez contends she was deprived of her right to a fair and impartial trial. She further asserts the facts supporting her allegations are not determinable from the record.

The State counters the trial court properly denied a hearing on Cortez's motion for new trial because: 1) Cortez did not raise an issue that would entitle her to relief, 2) the issues raised are determinable by examining the record, and 3) assault causing offensive contact is not a lesser included offense of assault causing bodily injury.

Because Cortez's argument centers on her claim of ineffective assistance of counsel, our focus turns to whether the evidence of her ineffective assistance claim warranted a new trial or whether a hearing was required for completion of a record on appeal. *Hobbs*, 298 S.W.3d at 199.

## C.    Ineffective Assistance of Counsel

In *Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984), the United States Supreme Court set out a two-prong test to determine whether trial counsel's representation was ineffective: (1) "[t]he defendant must show that counsel's performance was deficient" and (2) "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Accord Ex parte Moore*, 395 S.W.3d 152, 157 (Tex. Crim. App. 2013); *Menefield v. State*, 363 S.W.3d 591, 592 (Tex. Crim. App. 2012). A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Ex parte Moore*, 395 S.W.3d at 157 (citing *Strickland*, 466 U.S. at 687). When a convicted defendant complains of the ineffectiveness of

---

[1] Although Cortez raised additional complaints against trial counsel's assistance in her motion for new trial, Cortez's brief and argument are limited to whether trial counsel failed to advise her of the lesser included offense of pleading assault causing offensive contact. *See* TEX. R. APP. R. 33.1.

counsel's assistance, the defendant must show that counsel's representation "'fell below an objective standard of reasonableness' under prevailing professional norms." *Id.* (quoting *Strickland*, 466 U.S. at 687–88); *see also Ex parte Martinez*, 330 S.W.3d 891, 900 (Tex. Crim. App. 2011). To prove harm, Cortez "must demonstrate that [she] was prejudiced by [her] attorney's performance or that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id*. at 158 (citations omitted) (quoting *Strickland*, 466 U.S. at 694).

We remain mindful that appellate courts must view matters "from the viewpoint of an attorney at the time he acted, not through 20/20 hindsight." *Ex parte Jimenez*, 364 S.W.3d 866, 883 (Tex. Crim. App. 2012); *accord Ex parte Overton*, 444 S.W.3d 632, 640 (Tex. Crim. App. 2014). Our review of trial counsel's actions is "highly deferential and presumes that counsel's actions fell within the wide range of reasonable and professional assistance." *Garza v. State*, 213 S.W.3d 338, 348 (Tex. Crim. App. 2007) (citing *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002)).

**D.    Analysis**

*1.    Affidavit Requirement*

Any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999); *accord Burgess v. State*, 448 S.W.3d 589, 602 (Tex. App.—Houston [14th Dist.] 2014, no pet.). In an attempt to guard against "fishing expeditions," a motion must be supported by an affidavit either of the accused or someone else specifically showing the truth of the grounds of attack. *See Smith*, 286 S.W.3d at 339; *Reyes*, 849 S.W.2d at 816. Importantly, however, affidavits attached to a motion for new trial are merely pleadings and not evidence. *See Martins v. State*, 52 S.W.3d 459, 468 (Tex. Crim. App. 2001). Although courts are hesitant to

assign any error as per se ineffective assistance of counsel as a matter of law, we acknowledge that a single egregious error of omission or commission by appellant's counsel may constitute ineffective assistance. *Thompson*, 9 S.W.3d at 813 (quoting *Jackson v. State*, 766 S.W.2d 504, 508 (Tex. Crim. App. 1988)); *accord Villa v. State*, 417 S.W.3d 455, 463 (Tex. Crim. App. 2013).

### 2. *Counsel's Affidavit*

Cortez's motion for new trial contained the affidavit of her trial counsel stipulating he provided ineffective assistance to Cortez by failing to request the lesser included offense of assault causing offensive contact be included in the trial court's charge. Trial counsel averred his decision was not a matter of trial strategy, an "all or nothing" strategy, a "go for broke" strategy, nor any type of gamble strategy. Trial counsel's affidavit opines the assistance he provided Cortez was ineffective because he failed to advise of the lesser included offense of assault causing offensive contact and he failed to advise Cortez of the right to have the lesser included offense included in the jury charge.

Although we are deferential to trial counsel's actions, "affidavits that are conclusive in nature and unsupported by facts do not provide the requisite notice of the basis for the relief claimed; thus, no hearing is required." *See Smith*, 286 S.W.3d at 339. Here, trial counsel accepted responsibility for the ineffective assistance and offers his reasoning why he provided ineffective assistance:

> (1)  his focus of the assault on the sole issue of injury as opposed to offensive contact; and
>
> (2)  he did not realize his error of not considering nor requesting the inclusion of a lesser included offense, until a juror questioned why a lesser included offense was not made an option.

Based on Cortez's claims, we must first determine whether, if properly requested by trial counsel, Cortez was entitled to an instruction on assault causing offensive contact as a lesser included offense of assault causing bodily injury.

### 3. Lesser Included Offenses

#### a. Two-Step Analysis

Whether a defendant is entitled to a lesser-included offense instruction requires a two-step analysis. *Goad v. State*, 354 S.W.3d 443, 446 (Tex. Crim. App. 2011) (citing *Hall v. State*, 225 S.W.3d 524, 528 (Tex. Crim. App. 2007)); *Zapata v. State*, 449 S.W.3d 220, 224 (Tex. App.—San Antonio 2014, no pet.). "We first consider whether the offense contained in the requested instruction is a lesser-included offense of the charged offense. If so, we must decide whether the admitted evidence supports the instruction." *Goad*, 354 S.W.3d at 446.

In determining whether the lesser-included offense is included in the proof necessary to establish the charged offense, a court must compare the elements alleged in the indictment with the elements of the potential lesser offense. *Zapata*, 449 S.W.3d at 224 (citing *Cavazos v. State*, 382 S.W.3d 377, 382 (Tex. Crim. App. 2012)). As stated in the Texas Code of Criminal Procedure, an offense is a lesser-included offense if "it is established by proof of the same or less than all the facts required to establish the commission of the offense charged." TEX. CODE CRIM. PROC. ANN. art. 37.09(1) (West 2006). In other words, an offense is a lesser-included offense of another offense if the indictment for the greater offense alleges all of the elements of the lesser offense. *Zapata*, 449 S.W.3d at 224 (citing *Cavazos*, 382 S.W.3d at 382); *see also Royster v. State*, 622 S.W.2d 442, 446 (Tex. Crim. App. [Panel Op.] 1981).

b.  Statutory Distinctions

Cortez was charged with assault causing bodily injury—"[i]ntentionally, knowingly, or recklessly causing bodily injury to another, including the person's spouse." TEX. PEN. CODE ANN. § 22.01(a)(1). Assault causing offensive contact is defined as: "Intentionally or knowingly causing physical contact with another when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative." TEX. PEN. CODE ANN. § 22.01(a)(3).

"Assault causing bodily injury requires proof the defendant caused bodily injury to the complainant; assault by offensive touching requires proof the defendant knew or should have reasonably believed that the complainant would regard the contact as offensive or provocative." *McKithan v. State*, 324 S.W.3d 582, 585 (Tex. Crim. App. 2010). As the court explained in *McKithan*, although the State's evidence may have shown offensive contact, the State was not *required to prove* Cortez's actions were offensive contact in establishing that her actions constituted bodily injury. *Id*. at 593–94; *see also Welsh v. State*, No. 2-08-169-CR, 2009 WL 1425194, at *2 (Tex. App.—Fort Worth May 21, 2009), *aff'd*, 324 S.W.3d 582 (Tex. Crim. App. 2010) ("To establish that Welsh intentionally or knowingly caused bodily injury to C.W. by kicking her with his foot, the State was not required to prove that Welsh knew or reasonably should have believed that C.W. would regard the contact as offensive or provocative."); *cf. Hall v. State*, 225 S.W.3d 524, 528 (Tex. Crim. App. 2007) (concluding that because additional facts were not necessary to support the requested lesser included, the offense was a lesser included offense).

*4.  Determinations by the Trial Court*

Here, the relevant question was "not what the evidence may show but what the State is required to prove to establish the charged offense." *See McKithan*, 324 S.W.3d at 594 (citing *Hall*, 225 S.W.3d at 536–37). The trial court could reasonably determine from the facts contained in the record whether Cortez was entitled to a lesser-included charge on offensive physical contact

without holding a hearing. *See id.* at 589; *Reyes*, 849 S.W.2d at 816 (holding motion must establish that reasonable grounds exist to hold hearing). The information only required the State to prove that Cortez caused bodily injury to her husband, not that the complainant would consider such contact as offensive or provocative. *See McKithan*, 325 S.W.3d at 591. Thus, trial counsel's reasons for not requesting the lesser included charge were irrelevant because Cortez was not entitled to the instruction she now claims was erroneously excluded.

Cortez failed to satisfy *Strickland*'s second-prong because she failed to show the outcome of the case would have been different but for her trial counsel's ineffective assistance. *Strickland*, 466 U.S. at 691. The record, therefore, substantiated that any error by counsel, even assuming professional unreasonableness, had no effect on the judgment. *Strickland*, 466 U.S. at 691. Based on the statutory language set forth in section 37.09, all of the facts required to establish the commission of the offense charged are not the same or less than the charge of the lesser included offense. *See* TEX. CODE CRIM. PROC. ANN. § 37.09; *McKithan*, 324 S.W.3d at 594. We, therefore, conclude a hearing was not necessary to determine Cortez's lack of entitlement to the jury charge on the lesser included offense of assault offensive contact. Accordingly, Cortez's motion for new trial did not warrant setting aside the judgment or require a holding to make such determination, the trial court did not err in refusing to set a hearing on Cortez's motion, *see McKithan*, 324 S.W.3d at 594, and we affirm the trial court's judgment.

Patricia O. Alvarez, Justice

DO NOT PUBLISH