In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-12-00047-CR
_____

EX PARTE MERLE LESTER PRITZKAU

On Appeal from the 435th District Court
Montgomery County, Texas
Trial Cause No. 11-07-08075 CR

**OPINION**

Merle Lester Pritzkau drove his vehicle into the side of another vehicle. The two

people in the other car died. The officer gave Pritzkau a ticket. Pritzkau pleaded no

contest to the offense of "Ran Stop Sign," paid the fine, and completed the conditions of

deferred adjudication. The cause was dismissed.

Six months later, the State filed an indictment charging Pritzkau with two counts

of criminally negligent homicide. He filed an application for pre-trial writ of habeas

corpus. The trial court denied the application. Pritzkau argues that he is being prosecuted

for the same offense twice, and that double jeopardy bars the second prosecution.

Because under the cognate-pleadings test the traffic offense is not a lesser-

included offense of criminally negligent homicide as alleged, we hold that double

1

jeopardy does not bar the prosecution. The elements and facts pleaded in the indictment are not functionally equivalent to the elements of the traffic offense.

STANDARD OF REVIEW

The pretrial writ requested, habeas corpus, is an extraordinary writ. *Ex parte Weise*, 55 S.W.3d 617, 619 (Tex. Crim. App. 2001). An appellate court reviews the facts in the light most favorable to the trial court's ruling. *See Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006); *see also Ex parte Desormeaux*, 353 S.W.3d 897, 899 (Tex. App.—Beaumont 2011, pet. ref'd). The appellate court reviews issues of law *de novo*, and also reviews *de novo* those mixed questions of law and fact that do not depend on credibility and demeanor. *See Ex parte Peterson*, 117 S.W.3d 804, 819 (Tex. Crim. App. 2003), *overruled in part on other grounds by Ex parte Lewis*, 219 S.W.3d 335, 371 (Tex. Crim. App. 2007); *Ex parte Martin*, 6 S.W.3d 524, 526 (Tex. Crim. App. 1999).

THE TRAFFIC OFFENSE

The complaint alleging the traffic offense ("Ran Stop Sign") to which Pritzkau pleaded no contest did not include a reference to any specific statute in the Transportation Code. The complaint itself states that Pritzkau:

> did then and there, unlawfully operate a motor vehicle on a public roadway, to-wit: the 1998 Block of Lone Star and such location was controlled by a stop sign to regulate the intersection traffic and defendant did drive, propel and operate and did attempt to drive, propel and operate said vehicle into and across the said street intersection without stopping or coming to a complete stop at the said stop sign[.]

2

Because the possibly applicable Transportation Code provisions all include the stop sign element, we do not set out each statute here. *See, e.g.,* Tex. Transp. Code Ann. §§ 544.010, 545.151, 545.153 (West 2011).

CRIMINALLY NEGLIGENT HOMICIDE

Section 19.05(a) of the Texas Penal Code sets out the elements for criminally negligent homicide for which Pritzkau is indicted: "A person commits an offense if he causes the death of an individual by criminal negligence." Tex. Penal Code Ann. § 19.05(a) (West 2011). The Code of Criminal Procedure provides that whenever the State charges that the accused acted with criminal negligence in the commission of an offense, the indictment must include allegations of the act or acts relied on to constitute criminal negligence. Tex. Code Crim. Proc. Ann. art. 21.15 (West 2009). The indictment here states as follows:

> Defendant did . . . with criminal negligence, cause the death of an individual, . . . by failing to maintain a proper lookout for traffic and road conditions, operating his motor vehicle at an improper speed, and by taking improper evasive action thereby driving into a car occupied by [the individual.]

ANALYSIS

The Fifth Amendment's Double Jeopardy Clause protects against repeated prosecutions for the same offense. *Ex parte Chaddock*, 369 S.W.3d 880, 882 (Tex. Crim. App. 2012). Separate crimes need not be identical to be considered the same offense under the constitutional prohibition. *See Brown v. Ohio*, 432 U.S. 161, 164, 169, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977).

3

Pritzkau contends the traffic offense is a lesser-included offense of criminally negligent homicide. A lesser-included offense and a greater offense are considered the same offense within the meaning of the Double Jeopardy Clause. *Id.,* 432 U.S. at 168. The Supreme Court explained in *United States v. Dixon* that the inquiry is "whether each offense contains an element not contained in the other; if not, they are the 'same offence' and double jeopardy bars additional punishment and successive prosecution." *United States v. Dixon*, 509 U.S. 688, 696, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993) (citing *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932)).[1]

Texas has adopted the cognate-pleadings approach to determine whether an offense is a lesser-included offense. *See Rice v. State*, 333 S.W.3d 140, 142, 144 (Tex. Crim. App. 2011) (citing *Hall v. State*, 225 S.W.3d 524, 535 (Tex. Crim. App. 2007)); *Ex parte Watson,* 306 S.W.3d 259, 271 (Tex. Crim. App. 2009) (op. on reh'g). This approach considers article 37.09 of the Texas Code of Criminal Procedure. The statute provides in part that a lesser-included offense is established by proof of the same or less than all the facts required to establish the commission of the offense charged. Tex. Code Crim. Proc. Ann. art. 37.09 (West 2006); *Hall*, 225 S.W.3d. at 526. In *Ex parte Watson*, the Court of Criminal Appeals explained that under the cognate-pleadings approach, an offense is a lesser-included offense if the indictment for the greater-inclusive offense "1)

---

[1] The Texas Court of Criminal Appeals has stated that "the *Blockburger* test is a rule of statutory construction and is not the exclusive test for determining if two offenses are the same." *Bigon v. State*, 252 S.W.3d 360, 370 (Tex. Crim. App. 2008); *see also McCrary v. State*, 327 S.W.3d 165, 173 (Tex. App.—Texarkana 2010, no pet.).

alleges all of the elements of the lesser-included offense, or 2) alleges elements plus facts (including descriptive averments, such as non-statutory manner and means, that are alleged for purposes of providing notice) from which all of the elements of the lesser-included offense may be deduced." *Ex parte Watson*, 306 S.W.3d at 273 (footnote omitted).

Essentially, for the purpose of this analysis, "the elements of the lesser offense do not have to be pleaded if they can be deduced from facts alleged in the indictment." *Hall*, 225 S.W.3d at 535. This component of the analysis is referred to as the functional-equivalence test. *McKithan v. State*, 324 S.W.3d 582, 588 (Tex. Crim. App. 2010) (citing *Evans v. State*, 299 S.W.3d 138, 143 (Tex. Crim. App. 2009)). A court examines the elements of the lesser offense and decides "'whether they are functionally the same or less than those required to prove the charged offense.'" *Rice*, 333 S.W.3d at 144-45 (quoting *McKithan*, 324 S.W.3d at 588).

Pritzkau relies on *Harris v. Oklahoma*, 433 U.S. 682, 97 S.Ct. 2912, 53 L.Ed.2d 1054 (1977). Harris was tried and convicted of felony murder, and later tried and convicted of robbery with firearms. The State conceded that in the murder case, "it was necessary for all the ingredients of the underlying felony of Robbery with Firearms to be proved. . . ." *Harris*, 433 U.S. at 683. The United States Supreme Court held that "[w]hen . . . conviction of a greater crime, murder, cannot be had without conviction of the lesser crime, robbery with firearms, the Double Jeopardy Clause bars prosecution for the lesser

5

offense[.]" *See id*. at 682. Pritzkau argues that *Harris* applies "where a 'compound' offense (like felony-murder) incorporates the statutory elements of various underlying offenses." He submits that in this case, "like in *Harris*, proof of the greater offense (criminally negligent homicide) cannot be had without proving the lesser (running a stop sign)."

The State notes that the Supreme Court subsequently rejected a same-conduct approach in a double jeopardy analysis. *See United States v. Dixon*, 509 U.S. 688, 703-12, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993) (overruling *Grady v. Corbin*, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990)). But the Court of Criminal Appeals has applied a functional-equivalence test in determining that "the circumstance surrounding the conduct" was the same under the lesser-included and greater offense. *See Cavazos v. State,* No. PD-1675-10, 2012 WL 5348046, at *5 (Tex. Crim. App. Oct. 31, 2012). And in *Brown v. Ohio* the United States Supreme Court emphasized that "[t]he Double Jeopardy clause is not such a fragile guarantee that prosecutors can avoid its limitations by the simple expedient of dividing a single crime into a series of temporal or spatial units." *Brown*, 432 U.S. at 169. Although the same-conduct test has been rejected, the functional-equivalence part of the same-elements test, as applied by the Court of Criminal Appeals, allows consideration of Pritzkau's argument.

In applying double jeopardy principles, the consideration of what constitutes a lesser-included offense requires a focus on applicable state law. Pritzkau suggests that

before embarking on a lesser-included-offense analysis of law, however, a court must first consider the evidence that the State will present at trial. He argues the State will prove that, by running a stop sign, he failed to maintain a proper lookout for traffic and road conditions, operated his vehicle at an improper speed, and took improper evasive action. He contends that the allegation of running a stop sign in the traffic offense is therefore functionally equivalent to the alleged criminally negligent acts, and running a stop sign is a lesser-included offense of criminally negligent homicide. *See Rice*, 333 S.W.3d at 144-45.

Pritzkau's argument asks that we assume that the evidence of criminal negligence necessary at trial, and possibly the only evidence of negligence, will be the failure to stop at a stop sign. The Court of Criminal Appeals rejects what is called a cognate-evidence approach in determining whether an offense is a lesser-included offense, however. *See Hall*, 225 S.W.3d at 526, 531, 535 (In applying the first step of lesser-included-offense analysis, the reviewing court does not consider the evidence presented at trial.). The Court has explained that the "relevant inquiry is not what the evidence may show but what the State is required to prove to establish the charged offense." *McKithan*, 324 S.W.3d at 593.

Pritzkau argues that our consideration of the facts under the functional-equivalence test must result in a double jeopardy bar. But the facts to be considered are those alleged in the indictment. *See Rice*, 333 S.W.3d at 145. And even those alleged

7

facts must allow all of the elements of the lesser-included offense to be deduced. *See id.*; *McKithan*, 324 S.W.3d at 593. In *Ex parte Watson*, the Court applied the cognate-pleadings approach and concluded that a prosecution for the traffic offense of "failing to yield the right of way" did not bar the subsequent prosecution for intoxication assault, even though the manner and means alleged in the indictment for the intoxication assault was "failing to yield the right of way while turning left[.]" *See Ex parte Watson,* 306 S.W.3d at 270-71, 274. The traffic offense "had distinct elements that were not expressly included in and could not be deduced from the indictment: that the other vehicle was 'approaching from the opposite direction.'" *Rice*, 333 S.W.3d at 146 (following and quoting *Ex parte Watson*, 306 S.W.3d at 273-74). The Court held that it could not be reasonably deduced under the circumstances of that case "that the traffic offense is a lesser-included offense of the intoxication assault." *See Ex parte Watson*, 306 S.W.3d at 274.

The State does not concede that the criminal negligence charge will or must rest on proof of the failure to stop at a stop sign. It insists that the criminal negligence charge need not rely on the "Ran Stop Sign" offense. Pritzkau argues to the contrary that the State will ultimately rest its case at trial on that proof. But we cannot decide in this appeal the effect of that predicted trial record, because of the cognate-pleadings test and because the State told the trial judge it intentionally did not include "failure to stop at a stop sign" as an act constituting criminal negligence. *See* Tex. Code Crim. Proc. Ann. art. 21.15

8

(West 2009). Given these circumstances and the applicable test, we cannot reach the question whether, after a trial, Pritzkau may yet have a "substantial claim" that double jeopardy bars punishment. *See, e.g., Illinois v. Vitale*, 447 U.S. 410, 421, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980). *But see Dixon*, 509 U.S. at 707, 711; *see also Ex parte Watson*, 306 S.W.3d 259, 266-67 n.3 (Tex. Crim. App. 2009) (Cochran, J., concurring) (The Supreme Court has "disavowed the dictum in *Vitale*.").

We apply the cognate-pleadings test to the challenge lodged against the second prosecution. The indictment does not allege all of the elements of the traffic offense. Each offense requires proof of at least one element the other does not. The traffic offense does not require proof of "a gross deviation from the standard of care[.]" *See* Tex. Penal Code Ann. § 6.03(d) (West 2011) (statutory description included in definition of culpable mental state of criminal negligence). The traffic offense does not require proof that Pritzkau caused a death. *See* Tex. Transp. Code Ann. §§ 544.010, 545.151, 545.153. And the indictment for criminally negligent homicide, including the descriptive averments, does not require proof that the intersection was controlled by a stop sign.

Nor can we conclude that the descriptive averments in the criminally-negligent-homicide indictment are the functional equivalent of the traffic offense elements. The descriptive averments in the indictment are allegations of conduct, only some of which may be "embraced by" the traffic offense, and none expressly so. *See Ex parte Watson*, 306 S.W.3d at 274. As in *Ex parte Watson*, the conduct alleged in the indictment "was

9

not sufficiently detailed or complete that it can reasonably be deduced" that the traffic offense is a lesser-included offense. *See id.*; *compare Cavazos*, 2012 WL 5348046, at **4-6 (applying the functional-equivalence test). Following *Ex parte Watson*, we cannot say the trial court erred in denying Pritzkau's application for pre-trial writ of habeas corpus. The judgment of the trial court is therefore affirmed.

  AFFIRMED.

            _____
              DAVID GAULTNEY
                Justice

Submitted on September 27, 2012
Opinion Delivered December 5, 2012
Publish

Before McKeithen, C.J., Gaultney and Horton, JJ.