# PD-1355-15

**IN THE CRIMINAL COURT OF
FOR THE STATE OF TEXAS**

_____

Case No. _____

_____

**JOSHUA JAMES OZUNA**

**Vs.**

**THE STATE OF TEXAS**

_____

**Appeal from the 13th Court of Appeals
Val Verde County, Texas
Case No. 13-14-00734-CR**

**Appeal from the County Court at Law
Kerr County, Texas
Trial Court No. CR14-0258
Honorable Spencer Brown Presiding, Respondent**

_____

**PETITION FOR DISCRETIONARY REVIEW**

_____

**ORAL ARGUMENT REQUESTED**

RECEIVED IN
COURT OF CRIMINAL APPEALS

October 19, 2015

ABEL ACOSTA, CLERK

OSCAR L. CANTU, JR.
Attorney at Law, P.L.L.C.
507 South Main
San Antonio, Texas 78204  (210)472-3900 Phone
(210)354-2996 Fax
R3Oscar@aol.com

**IN THE CRIMINAL COURT OF APPEALS
FOR THE STATE OF TEXAS**

_____

**Case No.**  _____

_____

**JOSHUA JAMES OZUNA**

**Vs.**

**THE STATE OF TEXAS**

_____

**Appeal from the 13th Court of Appeals
Val Verde County, Texas
Case No. 13-14-00734-CR**

**Appeal from the County Court at Law
Kerr County, Texas
Trial Court No. CR14-0258
Honorable Spencer Brown Presiding, Respondent**

_____

**CERTIFICATE OF PARTIES**

Pursuant to Texas Rule of Appellate Procedure 38.1, Appellee certifies the following parties and names is a complete list of litigants and counsels in this matter:

Joshua James Ozuna, Appellant
401 Clearwater
San Antonio, TX 78204
Appellant


Oscar L. Cantu, Jr.
Counsel for Appellant
c/o OSCAR L. CANTU, JR.
Attorney at Law, PLLC
507 S Main
San Antonio, TX 78204

The State of Texas, Appellee
c/o County Attorney's Office
Heather Stebbins
700 Main St. BA-103
Kerrville, TX 78028-2215
Appellee

Hon. Spencer Brown, Respondent
County Court at Law
Kerr County Courthouse
700 Main St.
Kerrville, TX 78028

__/s/ by Oscar L. Cantu, Jr._____
Oscar "JR" Cantu

# **TABLE OF CONTENTS**

NAMES OF PARTIES                                          2

REQUEST FOR ORAL ARGUMENT                                 1

TABLEOFCONTENTS                                           3

INDEX OF AUTHORITIES                                      4-5

INTRODUCTION                                              7

STATEMENT OF THE CASE                                     7

ISSUES PRESENTED                                          7

ISSUE ONE

ISSUE TWO

ARGUMENT                                                  8

PRAYER                                                    21

CERTIFICATE OF SERVICE                                    22

APPENDIX

        Judgment 13th Court of Appeals                1-7

# INDEX OF AUTHORITIES

*Ex parte Beck*, 922 S.W.2d 181, 182(Tex.Crim.App. 1996);  21

*Brady v. United States*, 397 U.S. 742, 748, 90 S.Ct. 1463, 25 L.Ed.2d 108(1976)  11

*Brown v. State,* 974 S.W.2d 289, 292  (Tex.App.- San Antonio 1998, pet. ref'd)  12

*John Bustamante Mendez vs. The State of Texas*, 138 S.W.3d 334 (Tex.Crim.App. 2004)  14

*Fuentes v. Shevin,* 407 U.S. 67, 80(1972)  15

*Hinkle v. State,* 934 S.W.2d 146, 147 (Tex. App.—San Antonio 1996, pet. ref'd)  17

*Jackson v. State,* 590 S.W.2d 514, 515 (Tex.Crim.App. 1979)  15

*Jagaroo v. State,* 180 S.W.3d 793, 802 (Tex. App.—Houston [14th Disk] 2005, pet. ref'd)  15

*McFarland v. State,* 928  S.W.2d 482, 500  (Tex.Crim.App.1996)  12

*Ex parte McIver*, 586 S.W.2d 851, 854 (Tex.Crim.App. 1979)  21

*Misell v. State*, 119 S.W.3d 804(Tex.Crim.App. 2003)  21

*Ex parte Pena*, 71 S.W.3d at 337 n 4, 338  21

*Ex parte Peterson*, 117 S.W.3d 804, 819 (Tex. Crim. App. 2003), *overruled on other grounds by Ex parte Lewis*, 219 S.W.3d 335 (Tex. Crim. App. 2007)  16

*Ex parte Pritzkau*, 391 S.W.3d 185,   186 (Tex. App.-Beaumont 2012, no pet.)  16

*Ex parte Roberts*, 409 S.W.3d 759, 762 (Tex. App.-San Antonio 2013, no pet.)  16

*Producer's Const. Co. v. Muegge*, 669 S.W.2d 717, 718-19(Tex.1984)  15

*Rankin v. State*, 904 S.W.2d 707 (Tex. Crim. App. 1996)  13

*Ex parte Seidel*, 39 S.W.3d 221, 225 n. 4(Tex.Crim. App. 2001)  21

*Smith v. State*, No. 996-98, 1999 WL 415336 (Tex. Crim. App. June 23, 1999)  11

*Soeffe v. Jones*, 270 S.W.3d 617, 625(Tex.App.-San Antonio 2008, no pet)  11

*Strickland v. Washington,* 466 U.S. 668, 690, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)  9

Thompson v. State, 9  S.W.3d 808, 812 (Tex.Crim.App.1999)  10

*Whatley v Jones*, (Tex. App. 2013)      17

*Ex Parte Weinstein*, No. WR– 78, 989–01, 2014 WL 300802 at*5      16
(Tex. Crim. App. Jan. 29, 2014)

**<u>OTHER</u>**

***TEX.CODE CRIM. PROC. Art. 26.14***      14

***Texas Constitution Article 1 §10***      17

***Texas Constitution, Article 1 §14***      20

***Texas Constitution, Article 1 § 19***      15

***Texas Rules of Criminal Evidence 403 and 404(b)***      11

***Texas Penal Code § 12.21***      19

***U.S. Const. amend XIV, § 1***      17

**IN THE CRIMINAL COURT OF**
**FOR THE STATE OF TEXAS**

_____

Case No. _____

_____

**JOSHUA JAMES OZUNA**

**Vs.**

**THE STATE OF TEXAS**

_____

**Appeal from the 13th Court of Appeals**
**Val Verde County, Texas**
**Case No. 13-14-00734-CR**

**Appeal from the County Court at Law**
**Kerr County, Texas**
**Trial Court No. CR14-0258**
**Honorable Spencer Brown Presiding, Respondent**

_____

**PETITION FOR DISCRETIONARY REVIEW**

_____

OSCAR L. CANTU, JR.
Attorney at Law, P.L.L.C.
507 South Main
San Antonio, Texas 78204
(210)472-3900 Phone
(210)354-2996 Fax
R3Oscar@aol.com

TO THE CRIMINAL COURT OF APPEALS:

Appellant, Joshua James Ozuna, submits this Petition for Discretionary Review in appeal of a Judgment and Sentence in a misdemeanor criminal proceeding. This Appeal is from the Thirteenth Court of Appeals (reassigned by Order of the Court) and originally from the County Court at Law of Kerr County, the Honorable Spencer Brown presiding, in which Appellant was charged with Possession of Marijuana less than 2oz in a Drug Free Zone.

## STATEMENT REGARDING ORAL ARGUMENT

Appellant is more convinced than ever that oral argument is necessary to clarify the extreme nature of the allegations in this appeal and to eliminate confusion as how these events might have occurred. The Court of Appeals denied oral argument and made the same assumptions of the Trial Court which gave rise to mistakes and to this appeal.

## STATEMENT OF THE NATURE OF THE CASE

This is an appeal from the denial of a motion for new trial by operation of law. (CR doc 11). Kerr County jailed a young black Texan without plea, trial, evidence, a court reporter's record of the trial, plea or waiver or paperwork other than the usual form recording a judgment.

## STATEMENT OF PROCEDURAL HISTORY

The Thirteenth Court of Appeals affirmed the conviction of Joshua James Ozuna on September 17, 2015. No motion for rehearing was filed or otherwise ruled upon by the Court of Appeals.

## GROUNDS FOR REVIEW

The Thirteenth Court of Appeals has issued a judgment which raises three (3) grounds for review under Texas Rules of Appellate Procedure 66.3. The first is (a) the judgment conflicts with another court of appeals decision on the same point as well as its own; The second is (c) the judgment

decides an important question of both state and federal law in a way that conflicts with the applicable decisions of the Court of Criminal Appeals and the Supreme Court of the United States; The third is (f) the Thirteenth Court of Appeals has so far departed from the accepted and usual course of judicial proceedings and sanctioned such a departure by the lower court as to call for an exercise of the Court of Criminal Appeals' power of supervision.

## ARGUMENT

The initial introduction by the Court of Appeals illustrates the problem with the judgment. The Court opens with:

> Appellant Joshua James Ozuna **pleaded** nolo contendere to possession of less than two ounces of marihuana in a drug-free zone, a Class A misdemeanor offense. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.121(a), (b)(1), 481.134 (West, Westlaw through 2015 R.S.)
>
> See Appendix entry 1. Judgment page 1

This conclusion is an assumption entirely based upon the self-serving precept that the document which use the word "trial" and "plea" are definitive proof that they occurred. Further, the assumption is made without question or analysis that these words "trial" and "plea" are themselves evidence of some sort in lieu of the normally present documents or recorded testimony. The Court of Appeals statement demonstrates that it is assuming a "plea" or that the Defendant "pleaded" as the Judgment form document used by the Trial Court claimed. The Court of Appeals overlooks the fact that no record or document is in the docket of the appeal to support that conclusion.

The judgment in this case affirms a conviction without court reporter's records and exhibits. No one disputes what the sentence was-because there is a record to refer to. What is in dispute is whether or not the Defendant ever made a knowing and intelligent waiver of his rights, actually pleaded, and was sentenced properly. What this record does reveal is a heated dispute, silencing of the record, resuming proper procedure and the sentence being pronounced.

**BURDEN SHIFT Application of the Assumption that things occurred absent evidence**

The Court does admit that there is neither a reporter's record of such a plea or documents upon which to defend the conviction with. It then places the burden to prove that no trial occurred squarely upon the Defendant. The Defendant must prove a negative while it is the State who should be proving the conviction as valid and defensible[1]. As the Court notes that the Clerk's record is "silent as to the circumstances of the offense." Judgment page 1.

Further the Court of Appels applies this analysis requiring the Defendant to both explain an empty record on appeal to each of the two stated issues 1)Having a visible lawyer present with a voice pointing out the most elemental errors would have made a difference and 2) that the complete lack of any statement, word, record, document or evidence for a Reviewing Court to see is, in fact, an indication that a trial did not happen, that a knowing intelligent waiver was not made, and that it is a complete abuse of discretion to deny this young man effective counsel. (withdraw the Trial Court's incorrect assumption of a plea and actually do something for the Defendant his own defense)

In its comments of what little record does exist, the Court demonstrates a determination to place the burden upon the appellant to prove why the record usually found in any criminal case is absent and had he (Defendant) done differently he would have a different outcome.

> "The reporter's record reflects the sentencing hearing and consists of two-and-a-half pages. At the end of the sentencing hearing, after the trial court has assessed punishment, appellant responded, "Okay. That's cool." Appellant's mother attempted to raise an issue regarding appellant's "other new attorney," but the State objected and the trial court did not permit any further discussion.
>
> Here, the sparse record is completely silent on the actions or alleged

---

[1] The Court of Appeals makes no reflection upon the fact that the newly elected County Attorney waives her right to file a brief defending this conviction. At minimum, the uncontroverted arguments of Appellant should be viewed in that light.

omissions of appellant's court-appointed counsel. The record contains nothing to support appellant's claims. <u>We conclude that appellant's allegations of ineffectiveness are not firmly founded in the record.</u> *See Bone*, 77 S.W.3d at 835."

When the record has no proof that your attorney was even there the Appellant asserts that is proof of the degree of representation received-a complete and total lack of legal representation. The Thirteenth Court of Appeals disagrees, it seems to argue that the Defendant need first prove that if he had a Counsel who was there it might have made a difference?

That is not the standard quoted by the Court and the Appellant in *Strickland v. Washington,* 466 U.S. 668, 690, 104 S.Ct. 2052,80 L.Ed.2d 674 (1984) The standard agreed to is that the conduct of Counsel is so far below that expected from a reasonable attorney. No action or bad lawyering by omission is undeniably so far below the standards of reasonable behavior anywhere else but in this Judgment. The Court of Appeals ignores *Strickland* and *Thompson v. State* placing in dispute long established Federal and State case law. Once again, there a pervasive and overpowering assumption that a trial did happen, there was a plea, there was a knowing and intelligent waiver of rights and that there is evidence to defend the conviction with. One cannot overlook a 100% omission level of behavior and demand the protesting party prove that it is unreasonable. The Appellant asserts that no help at all, not one word of protest, not speaking on his behalf or advocating in any way for the Defendant is the worst failure an attorney could possibly do.

This same standard of noting the absence of required proof in the record is not evidence of deficiency is applied by the Court in issue two-No Trial No Waiver. The Appellant asserts that no evidence in the record of any of the required elements of a proper plea and sentencing i.e. *a trial* is reasonable proof that there was none. The Thirteenth Court of Appeals makes the circular

argument that when the Defendant argues that there is no proof in the record, he must lose the appeal because he offers "no evidence" of this fact? The Court diverges from standard case law regarding abuse of discretion and what constitutes a valid waiver with no justification whatsoever. There mere fact that the Appellant does not prove the absence of required documents, testimony and exhibits means he must lose. Whether or not the Trial Court abused its discretion or proceeded absent a valid waiver is not examined by the Court of Appeals or seems relevant at all.

This disagreement should be resolved by this Court using its power of supervision.

## ISSUES PRESENTED FOR REVIEW

**ISSUE ONE**  The Defendant was irrefutably denied effective assistance of counsel when his Court Appointed Counsel failed to file any motions, refused to withdraw, failed to tender a defense and allowed the Defendant to be adjudicated "guilty" and sentenced to a term of incarceration in the County Jail without: a) waiver of jury trial; b) admission of guilt; c) plea bargain or agreement; d) a trial of any kind; and did not utter one word of protest or objection on his client's behalf to any of the above items or to e) the lack of evidence upon which the judgment of conviction was based.[2]

**ISSUE TWO**   The trial court did commit clear error when it sentenced the Defendant to a term in the County Jail without benefit of trial or waiver of same.[3]

**ISSUE NO. 1(Restated**

The Appellant's primary point of error is a direct attack upon the lack of any legal assistance, counsel or advocacy by his Court Appointed Attorney. Mr. Ozuna acknowledges that under normal conditions, such an appeal is done by way of a Habeas Corpus Writ necessitating a hearing with the Trial Court. However, this is not a normal appeal or circumstance with regards to his Court proceedings. The facts are irrefutable as they are stark and absent. The omissions of his Counsel, Mr. Ozuna asserts below, are so clearly beyond acceptable behavior, indefensible and taken overall

---

[2] The record if void of any evidence admitted in this case from the former County Attorney's Office (The State) The only way the 13th Court of Appeals knows what the conviction is for is by way of the Judgment-a form universally filled out and submitted with every conviction.

[3] A finding of "Guilt" must be assumed from the judgment as no such finding appears anywhere in the transcript of a proceeding of any kind nor mention of the word "guilt" at sentencing.(RR pgs.3-5)

constitute a complete lack of any defense or professional representation whatsoever. Given these facts and the jeopardy to Appellant's liberty suffered to date, this requires immediate and direct resolution by this Court. The Court of Appeals concedes the record is "silent" but concludes Ozuna failed to prove another or at least a Counsel would be any different.

**STANDARDS**

In order to prevail on an ineffective assistance of counsel point of error, Appellant Ozuna must demonstrate by a preponderance of the evidence that: (1) counsel's performance was so deficient as to fall below an objective standard of reasonableness; and (2) he was prejudiced, i.e., a reasonable probability exists that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington,* 466 U.S. 668, 690, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), *Thompson v. State,* 9 S.W.3d 808, 812 (Tex.Crim.App.1999). The constitutional right to effective assistance does not mean errorless counsel. *See Brown v. State,* 974 S.W.2d 289, 292 (Tex.App.- San Antonio 1998, pet. ref'd). Ozuna must overcome the presumption that trial counsel rendered adequate assistance, and it is incumbent on him to identify those acts or omissions which do not amount to reasonable professional judgment. *See Strickland,* 466 U.S. at 689, 104 S.Ct. 2052

To do this, an appellate court looks to the totality of the representation and the particular circumstances of each case in evaluating the effectiveness of counsel. *Thompson,* 9 S.W.3d at 813; *Brown,* 974 S.W.2d at 293. The *Strickland* test is applied without the benefit of hindsight. *See McFarland v. State,* 928 S.W.2d 482, 500 (Tex.Crim.App.1996). In this case there is absolutely nothing to prove his Counsel was even present. That fact is ignored by the Court of Appeals and blame falls upon the Appellant for failing to prove he is deserving of more. The better standard is set forth in *Brown*. There the Court concludes that nevertheless, even under this stringent burden,

ineffectiveness of counsel does exist when the effect of trial counsel's errors undermines the concept of a fair trial. *See Brown,* 974 S.W.2d at 292. Joshua Ozuna did not receive a fair trial, the record has not evidence to say so and no proof his attorney exists.

The one thing the Counsel did do was to request a pre-sentencing report on July 8, 2014. Why this was done where there is no plea entered on the same date we do not know. What is absent is a court reporter's record reflecting a plea or waiver on that date. But using the Court of Appeal's analysis, the Appellant fails to prove this too. (CR doc 6) A PSR is not, in and of itself, a bad idea because such a report can lend insight into a Defendant and show him the options available at sentencing such as deferred adjudication and probation. However, in this case, the report was used to undermine the Appellant by casting dispersions on out of county "bad acts" which had yet to become convictions. (RR pgs.3-4) The Appellant was cross examined by the Court regarding objectionable references and remarks which are unchallenged by his Counsel either by previewing the report he requested or by making an objection on the record.[4]

So the one action taken by Appellant's Counsel is negated by his apparent failure to read it prior to October 10, 2014 or to make objections on the record at sentencing. What would be reasonable is to object under Texas Rules of Criminal Evidence 403 and 404(b) is that evidence of out of county arrests is prejudicial and not admissible at time of trial. See *Rankin v. State*, 904 S.W.2d 707 (Tex. Crim. App. 1996) and *Smith v. State*, No. 996-98, 1999 WL 415336 (Tex. Crim. App. June 23, 1999)

Noted above, Counsel failed to obtain or object to the lack of a waiver of a jury trial which is an absolute right of the Appellant. See Texas Constitution Article 1 section 10. Any inference by the State of a waiver during the sentencing hearing must nevertheless withstand strict scrutiny in this

---

[4] Point in fact, Court Appointed Counsel was so quiet and conspicuously silent at sentencing that the Court Reporter fails to list him as present.(RR page 1) But for the declarations of the Appellant and his mother in the Motion for New Trial Appendix, the Court would not know Counsel was present at all.(CR doc 11)

appeal.  The High Court sets forth a delineated decision regarding waiver of rights in the case *John*

*Bustamante Mendez vs. The State of Texas*, 138 S.W.3d 334 (Tex.Crim.App. 2004). In that

opinion the Court explains that:

> Due process of law requires that "[w]aivers of constitutional rights
> not only must be voluntary but must be knowing, intelligent acts done
> with sufficient awareness of the relevant circumstances and likely
> consequences."

*Bustamante* at 336 Citing *Brady v. United States*, 397 U.S. 742, 748, 90 S.Ct. 1463, 25 L.Ed.2d
108(1976)

The decision whether or not a person is competent and making an intelligent act with

sufficient awareness is made by the trial Judge. However, the burden in making that

determination is clearly high as the Court cannot proceed when such factors are unclear.

Specifically, the *Bustamante* Court indicated that:

> "The Court may not accept a plea other than not guilty unless it
> appears that the defendant is mentally competent and the plea is
> free and voluntary.  Citing TEX.CODE CRIM. PROC. Art. 26.14"
> *Bustamante* at 337.

Thus, the burden to make the determination as to whether or not the defendant is making

a knowing and voluntary plea is upon the Court. Until that decision is made, there is no

requirement that the Defendant act or prove anything regarding his knowing or intelligent

waiver. Any discrepancy with the burden shift regarding whether or not a plea was voluntary or

not is also illustrated by the High Court in *Bustamante*:

> As we have said, a defendant's decision to plead guilty entails the waiver
> of some important, constitutional rights. These are "waivable-only" rights,
> in Marin's taxonomy. It is fitting that trial courts have a duty to implement
> those rights, which shield each defendant at the onset of every criminal
> proceeding. But after a court has fulfilled those duties and a defendant has
> made a valid waiver of those rights, it is appropriate that the defendant
> be required to take some affirmative action to don the armor again.

*Bustamante* at 350.

Appellant asserted to the Court of Appeals that the reasonable defense attorney could have noted that the Defendant (Appellant) has the absolute right to withdraw his desire to plea any time before the trial court renders judgment or takes the case under advisement[5]. Courts of Appeals have demonstrated this repeatedly. San Antonio's 4th Court of Appeals is no exception. In a prior case the Court held:

> A defendant may withdraw his plea as a matter of right, without assigning a reason, until judgment is pronounced or the case is taken under advisement by the trial court. *Jackson v. State,*590 S.W.2d 514, 515 (Tex.Crim.App. 1979). If, however, a defendant desires to withdraw his guilty plea after the court has taken the case under advisement, withdrawal of the plea is within the sound discretion of the court. *Jagaroo v. State,* 180 S.W.3d 793, 802 (Tex. App.—Houston [14th Disk] 2005, pet. ref'd). After a trial court has admonished a defendant, received the plea and evidence, and passed the case for a presentence investigation, the case has been taken under advisement.

*Hinkle* at 149.

But, as the Appellant notes, the Appointed Counsel chose not to act at all. But the Appellant lost his appeal for failing to show that the Appellants desire not to plea would not have made a difference to his sentence?

There is no evidence in existence to win a Jury trial or it would be in this record. Again, that is proof to the contrary. Even the Court of Appeals conceded that the Defendant made his stated desire not to proceed known and it was overruled by the Court. Judgment page 2.

Because the right to plead "not guilty" is a fundamental right and classified as "waivable only," the standard of review for this portion of the Court's actions is fundamental. That is to say so incorrect and harmful to the basic constitutional rights of the defendant that the Court of Appeals should reverse. Under most circumstances, the appropriate standard of review would be abuse of discretion as the acts complained of involve both questions of law and fact including

---

[5] Counsel is not conceding that the Appellant ever plead. Merely that the Court believed so mistakenly when viewing the PSR ordered in July. Nevertheless, the right to withdraw even a fictional plea remains intact.

demeanor of the accused and the great deference given to the Court's decision. See *Hinkle v. State,*934 S.W.2d 146, 147 (Tex. App.—San Antonio 1996, pet. ref'd).

But in this case, the Appellant disagrees, with that standard. The facts of this case are that the Trial Court's decision to proceed with the same defense attorney and to sentence the Appellant was made without any fact finding or hearing at all. Therefore, the standard of review should be de novo.

The High Court has given an explanation as to the circumstances in which the de novo standard of review should be used. Previously, the Court explained:

> However, "appellate courts review *de novo* those 'mixed questions of law and fact' that do not depend upon credibility and demeanor." *Ex parte Peterson*, 117 S.W.3d 804, 819 (Tex. Crim. App. 2003), *overruled on other grounds by Ex parte Lewis*, 219 S.W.3d 335 (Tex. Crim. App. 2007); *see also Ex Parte Weinstein*, No. WR– 78, 989–01, 2014 WL 300802, at \*5 (Tex. Crim. App. Jan. 29, 2014); *Ex parte Pritzkau*, 391 S.W.3d 185, 186 (Tex. App.-Beaumont 2012, no pet.). "[I]f the court's application of the law to the facts does not rest on factual findings, it is afforded no deference and we review de novo." *Ex parte Roberts*, 409 S.W.3d 759, 762 (Tex. App.-San Antonio 2013, no pet.).

*Bustamante* at 350.

Absent any written waiver or entry into the record it is clear that no intelligent and knowing waiver was made. Should the Court be inclined to assume a waiver from the limited remarks during the sentencing docket, they should be reviewed de novo as above and shown to be deficient.

As above there is neither an admission of guilt nor plea bargain answering "no contest" upon which to base a guilty plea.  As noted previously, the reporter's record is devoid of any plea by the Appellant or admonishment by the Court. But the Court of Appeals would rule against Ozuna for failing to prove there is no plea or admonishment rather than inquire "why?"

This case law and standards universally admitted to and quoted by all parties are

sidestepped by the Court of Appeals and have no bearing whatsoever in the Judgment rendered in this case. The guiding principles are the failure of the Appellant to prove a negative and the underlying assumption that a plea and waiver and trial must have been done because the documents that are present subsequently say so.

This Judgment conflicts with another issued by the same court. Previously the guarantee of all Texas citizens to a jury trial of their peers listed in Article 1 §10 of the Texas Constitution was found as the primary issue on appeal in a civil case before the Thirteenth Court of Appeals.

In the matter of *Richard Whatley vs. O.F. Jones, III*, the Thirteenth Court of Appeal was faced with a civil appellant who was deprived of an actual "trial" prior to the rendering of a judgment against him. There, the Court held that:

"The United States Constitution provides that a person shall not be deprived of life, liberty, or property without due process of law. U.S. Const. amend XIV, § 1; see Tex.Const. art. 1 § 19. Fundamental to the concept of due process is the right to be heard." Citing *Fuentes v. Shevin*, 407 U.S. 67, 80(1972). "The right to be heard includes the right to a full and fair hearing before a court having jurisdiction over the matter. " Citing *Soeffe v. Jones*, 270 S.W.3d 617, 625(Tex.App.-San Antonio 2008, no pet). "Complete denial of the opportunity to present any evidence is a clear violation of due process." Citing *Producer's Const. Co. v. Muegge*, 669 S.W.2d 717, 718-19(Tex.1984)

See *Whatley v Jones*, (Tex. App. 2013)

There is no argument using the record that there was no trial, no offer of proof by the County and other than asking Mr. Ozuna "what he thought" about the events recorded on his pre-sentencing report, there was no opportunity for Mr. Ozuna to either contest or present evidence in his defense. The only question is what would a reasonable defense attorney do?

Appellant asserts that it is indefensible to allow a client to be sentenced to the County Jail without any due process other than arrest and bonding. The record cannot support any assertion that anything resembling a trial was performed or that his Court Appointed Counsel did anything on his behalf in this regard. The reasonable attorney would have said something.

**Did the actions/omissions prejudice the Defendant?**

The second part of analysis in this appeal is whether or not the actions or omissions of the Appellant's Appointed Counsel prejudiced him? The most direct and apparent answer is "yes." But for the lack of a defense or advice from his attorney, the defendant would not have been found guilty on October 10, 2014 or served forty (40) days in the County Jail. A review of any of the omissions on the part of the Appointed Counsel identified above in a-e demonstrate that the result of taking a single action  would be - the Court would have been stopped from sentencing the Appellant when the obvious error was made apparent.

**a) no waiver of jury trial**

By noting for the record that there was no voluntary waiver form bearing the acknowledgement of the Appellant, the Court would be put on notice that not one single form normally required for a plea bargain was done or in the file. While this does not guarantee no incarceration with the finding of a proper guilty verdict, it does prompt the Court to see the lack of a trial in this case and most assuredly would have allowed the Appellant time for his retained Counsel to appear and provide a defense.

**b) no admission of guilt**

Had Counsel listened to the Defendant and/or his mother and noted his lack of desire to plead guilty (at all-no admission he did) he would have realized that there was no such plea apparent from the file of the Court or the County Attorney. A reasonable attorney would inquire as to the terms of any plea bargain should it come to question and satisfy the Appellant's mother that a good result was being obtained. At minimum it would necessitate someone picking up the file and find no trial had occurred. It would have provided a basis to sustain the Appellant's request for a continuance to allow proper counsel to substitute.

**c)  plea bargain or agreement or d) a trial of any kind**

The lack of a plea bargain resulted in this Defendant obtaining a somewhat unusual sentence. Counsel

has not seen another case where a Defendant with no prior felony convictions received a forty (40) day sentence for possession of marijuana in 25 years of practice. Without even questioning the enhancement for occurring within one thousand feet of a "school zone[6]" the sentence most frequently encountered is probation. Arguably, the prejudice suffered here is the sentence rather than an actual trial with a chance at an acquittal or a plea bargain for probation. Deferred adjudication is not ruled out and would also prevent a conviction in the criminal history of the Appellant had someone requested it.

**e) the lack of evidence upon which the judgment of conviction was based**

The prejudice suffered by the Appellant is the lack of notice to all parties that a grievous error was being made and this omission limits the depth of the Appellate review. With no police report or evidence being placed into the record to determine what reasonable attorney tasks should have been performed the scope of Appointed Counsel's omissions is limited.

Culpability for this sentencing is shared among the Officers of the Court equally. However, both the County Attorney and the Judge have numerous cases that day to review, assign tasks and complete. The one officer of the Court without that additional stress and pressure is the Defense Counsel. He has one case on the docket and he alone should know the facts and nuances of his client's case. Furthermore, the client's wishes, defenses and, at minimum, what has been done or not done in the pleadings of this case must be foremost in the defense counsel's mind. The prejudice of these omissions is the concealment of an enormous injustice and grievous error.

**ISSUE TWO** (restated) The trial court did commit clear error when it sentenced the Defendant to a term in the County Jail without benefit of trial or waiver of same.

The Appellant's second argument is that the sentence imposed by the Court is illegal as it was adjudged without a plea or trial. Thus the pre-requisite of being "adjudged" is not met under the statute

---

[6] Normally such an enhancement would elevate the severity of any sentence received. The record is devoid of an affirmative finding of such an element being proven up or included in the sentence.

notwithstanding all of the constitutional violations made above. § 12.21 of the Texas Penal Code states that:

"an individual adjudged guilty of a Class A misdemeanor shall be punished by:
A fine not to exceed $4000.00
Confinement in jail for a term not to exceed one year; or
Both such fine and confinement."
Tex.P.C. § 12.21

As explained above, the record is absent any trial proceeding, plea agreement, guilty plea or finding of "guilt" by the Court. There is no adjudication as required by the statute. While the time and fine limits are not violated herein, the prerequisite of due process and a simple adjudication of guilt is not done either. Given the lack of compliance with statute, the sentence is illegal.

In determining whether or not a trial occurred, the Court of Appeals looks to subsequent documents to support this assumption. The mere appearance of the word "trial" in the judgment is sufficient evidence of the existence and sufficiency of the required constitutional rights satisfaction-record to the contrary. The Court notes that:

"By his second issue, appellant contends that the sentence imposed by the

trial court was "illegal as it was adjudged without a plea or trial." Appellant

argues that there was "no adjudication" of guilt.

We disagree. The clerk's record contains the "Judgment and Sentence by

Court," which stated, in relevant part:

On October 14, 2014, the above-styled and numbered cause came before the Court for sentencing after a Pre-Sentence Investigation had been ordered. The Defendant having pled open to the Court to the allegations in the State's complaint and information, the Court having reviewed the pre- sentence investigation report, hereby orders as follows:

On October 14, 2014, this case came before the Court for review of the Pre-Sentence Investigation report and for sentencing. Evidence was presented by the parties and by probation; and the cause was submitted to the judge for sentencing.

The defendant is hereby adjudged GUILTY of the offense of Possession of Marijuana in a Drug Free Zone, and having pled Nolo Contendere to the Class A misdemeanor, the date of the offense being JANUARY 8, 2014."

Judgment page 2

Simply the fact that the judgment says that the "Defendant pled open to the Court…" and "…to the allegations in the State's Complaint and information" neither of which appear in the record, and that "evidence was presented by the parties and by probation" none appears anywhere in this record on appeal, the Court of Appeals is satisfied that the trial, waiver, and procedures did occur and the absence of proof and case law Federal and State to the contrary is irrelevant.

**STANDARDS**

The Criminal Court of Appeals explains the nature and standards in dealing with "illegal sentence" cases. The norm is a sentence that is less than or more than the statute dictates for a particular crime. In this case, the Appellant contends that a condition requisite is not met-adjudication. In *Mizell v. State* the Appellant filed the appeal of a conviction for both charges of official oppression and civil rights violations. However the State countered with an issue on appeal regarding the amount of fine imposed by the jury. There, the court set forth the basis for an illegal sentence review.

"A sentence that is outside the maximum or minimum range of punishment is unauthorized by law and therefore illegal." Citing *Ex parte Seidel*, 39 S.W.3d 221, 225 n. 4(Tex.Crim. App. 2001) "This Court has long held that a sentence is void when the punishment is unauthorized." *Ex parte Beck*, 922 S.W.2d 181, 182(Tex.Crim.App. 1996); *Ex parte McIver*, 586 S.W.2d 851, 854(Tex.Crim.App. 1979) "A defendant may obtain relief from an unauthorized sentence on direct appeal or by a writ of habeas corpus." Citing *Ex parte Pena*, 71 S.W.3d at 337 n 4, 338.
*Mizell v. State*, 119 S.W.3d 804, 806(Tex.Crim.App. 2003)

Despite the fact that the term of forty (40) days and One thousand two hundred ($1,200.00) is within both the range and amount allowed in §12.21, the third word requires that a person be "adjudged" guilty. That requirement is not met. Without compliance with the statute the sentence is void and should be set aside by the Court of Appeals.

On so many levels this judgment cannot be allowed to remain intact. The Judgment of the 13th Court of Appeals conflicts with other Courts of Appeals and itself, the burden of proving a negative in light of inherent rights of the accused is so contrary to State and Federal law that it needs to be addressed, and the actions in forcibly assuming facts exist contrary to the record is so far departed from the accepted and usual course of juris prudence that this Court must use its supervising authority to correct this injustice.

## PRAYER

The Appellant prays that the Court accepts this Voluntary Petition for Review and Orders both Oral Argument and Briefing on these issues, ultimately reversing both the Court of Appeals and the Trial's Court's judgment in this case and any further relief in law or in equity that the Defendant may be so entitled to

Respectfully Submitted,

OSCAR L CANTU JR
Attorney at Law PLLC
507 South Main
San Antonio, Texas 78204
(210)472-3900 Phone
(210)354-2996 Fax

By:__/s/ by Oscar L. Cantu, Jr.____
Oscar "JR" Cantu
SBN 03767448

## CERTIFICATE OF COMPLIANCE

This is to certify that the undersigned Counsel does file this Petition in filed in good faith and true. Further, this Counsel attests that the contents are within the amount allowed by the TRAP and do not exceed 20 pages or 6,405 words.

____/s/by Oscar L. Cantu, Jr._____
Oscar "JR" Cantu

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of this document has been served upon all counsel of record via a manner in compliance with the TRAP and TRCP on this, the 16th day of September, 2015 addressed as follows.

Joshua James Ozuna, Appellant
401 Clearwater
San Antonio, TX 78204
Appellant
(email tawnyaozuna@hotmail.com)

The State of Texas, Appellee
c/o County Attorney's Office
Heather Stebbins
700 Main St. BA-103
Kerrville, TX 78028-2215
Appellee

Hon. Spencer Brown, Respondent
County Court at Law
Kerr County Courthouse
Kerrville, TX 78028

___/s/ by Oscar L. Cantu, Jr._____
Oscar "JR" Cantu

APPENDIX



**NUMBER 13-14-00734-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

JOSHUA JAMES OZUNA,                                                    Appellant,

v.

THE STATE OF TEXAS,                                                    Appellee.

## On appeal from the County Court at Law
## of Kerr County, Texas.

## MEMORANDUM OPINION

**Before Justices Garza, Benavides and Longoria**
**Memorandum Opinion by Justice Garza**

Appellant Joshua James Ozuna pleaded nolo contendere to possession of less

than two ounces of marihuana in a drug-free zone, a Class A misdemeanor offense. *See*

TEX. HEALTH & SAFETY CODE ANN. §§ 481.121(a), (b)(1), 481.134 (West, Westlaw through

2015 R.S.).[1] The trial court assessed punishment at forty days' confinement in county jail and a $1,200.00 fine, plus payment of court costs and attorney's fees. Appellant appeals from the denial of his motion for new trial. By two issues, appellant contends: (1) he was denied effective assistance of counsel; and (2) the trial court erred by imposing a sentence "without a plea or trial." We affirm.

## I. BACKGROUND[2]

The record is silent regarding the circumstances of the offense. The clerk's record contains a motion for new trial, submitted by appellant's appellate counsel, which states:

COMES NOW, Counsel for the Defendant and files this Motion for New Trial and would show unto the Court as follows:

1. This case was set for sentencing on October 14, 2014.

2. Defendant made known to his counsel, the District Attorney and the Court that prior to sentencing he wished to retain alternate counsel.

3. Counsel Pat Phillips was previously appointed for the Defendant.

4. Defendant had released Mr. Phillips, informed Counsel of same and retained Oscar Cantu.

5. Counsel moved to appear as Counsel of Record for the Defendant.

6. All parties initially denied knowledge of the events described above then declined to allow the requested relief.

7. Defendant wished to withdraw his plea and tender a defense.

8. The Defendant has a viable defense to the charge(s) and no such offer was made by his Court[-]appointed Counsel nor were any motions filed on his behalf.

---

[1] We note that section 481.134 of the Texas Health & Safety Code has been amended, but the amendments are not applicable to this case.

[2] This case is before this Court on transfer from the Fourth Court of Appeals in San Antonio pursuant to an order issued by the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through 2015 R.S.). The State has not filed a brief to assist us in our disposition of this case.

2

> Wherefore, premises considered, counsel moves this Court to Grant him a new trial in this matter, allow him to withdraw his plea and to any further relief, at law or in equity that he may be entitled to.

Appellant states that the motion was denied by operation of law.

## II. STANDARD OF REVIEW AND APPLICABLE LAW

We review the denial of a motion for new trial under an abuse of discretion standard. *See Charles v. State*, 146 S.W.3d 204, 208 (Tex. Crim. App. 2004), *superseded in part on other grounds by* TEX. R. APP. P. 21.8(b); *Lewis v. State*, 911 S.W.2d 1, 7 (Tex. Crim. App. 1995); *Cueva v. State*, 339 S.W.3d 839, 856–58 (Tex. App.—Corpus Christi 2011, pet. ref'd). A trial court abuses its discretion by denying a motion for new trial only when its decision is arbitrary or unreasonable, or when no reasonable view of the record could support the trial court's ruling. *Charles*, 146 S.W.3d at 208; *Cueva*, 339 S.W.3d at 856–58. The ruling of the trial court is presumed to be correct, and it is the appellant's burden to establish the contrary. *Jensen v. State*, 66 S.W.3d 528, 545 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd). The test for abuse of discretion is whether the trial court acted without reference to any guiding rules or principles, and "the mere fact that a trial court may decide a matter within its discretionary authority differently than an appellate court does not demonstrate such an abuse." *State v. Herndon*, 215 S.W.3d 901, 907–08 (Tex. Crim. App. 2007) (quoting *Howell v. State*, 175 S.W.3d 786, 792 (Tex. Crim. App. 2005)). We do not substitute our judgment for that of the trial court. *Charles*, 146 S.W.3d at 208.

"To obtain a reversal of a conviction under the *Strickland* test, a defendant must show that: (1) counsel's performance fell below an objective standard of reasonableness and (2) counsel's deficient performance prejudiced the defense, resulting in an unreliable

3

or fundamentally unfair outcome of the proceeding." *Davis v. State*, 278 S.W.3d 346, 352 (Tex. Crim. App. 2009) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "Deficient performance means that 'counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment.'" *Ex parte Napper*, 322 S.W.3d 202, 246 (Tex. Crim. App. 2010) (quoting *Strickland*, 466 U.S. at 687). "The prejudice prong of *Strickland* requires showing 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id.* at 248 (quoting *Strickland*, 466 U.S. at 694). "'A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Id*. (quoting *Strickland*, 466 U.S. at 694). "[E]ach case must be judged on its own unique facts." *Davis*, 278 S.W.3d at 353.

The burden is on appellant to prove ineffective assistance of counsel by a preponderance of the evidence. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). Appellant must overcome the strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance and that his actions could be considered sound trial strategy. *See Strickland*, 466 U.S. at 689; *Jaynes v. State*, 216 S.W.3d 839, 851 (Tex. App.—Corpus Christi 2006, no pet.). A reviewing court will not second-guess legitimate tactical decisions made by trial counsel. *State v. Morales*, 253 S.W.3d 686, 696 (Tex. Crim. App. 2008) ("[U]nless there is a record sufficient to demonstrate that counsel's conduct was not the product of a strategic or tactical decision, a reviewing court should presume that trial counsel's performance was constitutionally adequate . . . ."). Counsel's effectiveness is judged by the totality of the representation, not by isolated acts or omissions. *Thompson*, 9 S.W.3d at 813; *Jaynes*, 216 S.W.3d at

851. An allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Bone v. State*, 77 S.W.3d 828, 835 (Tex. Crim. App. 2002); *Thompson*, 9 S.W.3d at 814 n.6.

## II.  DISCUSSION

### A.  Ineffective Assistance

By his first issue, appellant complains that he was denied effective assistance of counsel. Specifically, he complains that his court-appointed counsel: (1) did not review or challenge any evidence offered by the State; (2) requested a pre-sentencing report that contained other alleged offenses; (3) did not object to the absence of any written waiver of jury trial in the record; and (4) did not inform appellant that he had the right to withdraw his plea any time before the trial court rendered judgment.

Of these complaints, the only one arguably raised to the trial court is that appellant "wished to withdraw his plea and tender a defense." The reporter's record reflects the sentencing hearing and consists of two-and-a-half pages. At the end of the sentencing hearing, after the trial court has assessed punishment, appellant responded, "Okay. That's cool." Appellant's mother attempted to raise an issue regarding appellant's "other new attorney," but the State objected and the trial court did not permit any further discussion.

Here, the sparse record is completely silent on the actions or alleged omissions of appellant's court-appointed counsel. The record contains nothing to support appellant's claims. We conclude that appellant's allegations of ineffectiveness are not firmly founded in the record. *See Bone*, 77 S.W.3d at 835.

Moreover, appellant has not shown that there is a reasonable probability that  but

for trial counsel's alleged errors, the result would have been different. *Thompson*, 9 S.W.3d at 812; *see Strickland*, 466 U.S. at 694. He argues only that, if appellant's court-appointed counsel had noted that there was no voluntary waiver form in the file, it would have allowed sufficient time for appellant's retained counsel to appear and provide a defense. In his motion for new trial, appellant asserts that he "has a viable defense," but does not identify the defense. We hold that appellant has not met his burden to prove ineffective assistance of counsel by a preponderance of the evidence. *Thompson*, 9 S.W.3d at 813. We overrule appellant's first issue.

## B. No Trial or Waiver

By his second issue, appellant contends that the sentence imposed by the trial court was "illegal as it was adjudged without a plea or trial." Appellant argues that there was "no adjudication" of guilt.

We disagree. The clerk's record contains the "Judgment and Sentence by Court," which stated, in relevant part:

> On October 14, 2014, the above-styled and numbered cause came before the Court for sentencing after a Pre Sentence Investigation had been ordered. The Defendant having pled open to the Court to the allegations in the State's complaint and information, the Court having reviewed the pre-sentence investigation report, hereby orders as follows:
>
> On October 14, 2014, this case came before the Court for review of the Pre-Sentence Investigation report and for sentencing. Evidence was presented by the parties and by probation; and the cause was submitted to the judge for sentencing.
>
> The defendant is hereby adjudged GUILTY of the offense of Possession of Marijuana in a Drug Free Zone, and having pled Nolo Contendere to the Class A misdemeanor, the date of the offense being JANUARY 8, 2014.

The remainder of the judgment recites the punishment assessed by the court. In addition,

at the beginning of the sentencing hearing, the prosecutor informs the trial court that "we pled the case and set it for a PSI." The record reflects that appellant pleaded nolo contendere and was adjudged guilty by the trial court. We overrule appellant's second issue.

## IV. CONCLUSION

We affirm the trial court's judgment.

Dori C. Garza
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
17th day of September, 2015.